George L. Koynok and Mary C. Koynok, t/d/b/a Glenmore Academy, Plaintiffs, *v.* Commonwealth of Pennsylvania, Office for Aid to Nonpublic Education, Department of Education, and Vincent J. McCoola, Director, Defendants.

Argued December 4, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*George L. Koynok,* plaintiff, for himself.

*Edward A. Miller,* Assistant Attorney General, for defendants.

OPINION BY JUDGE MENCER, January 24, 1974:

George and Mary Koynok have filed a complaint in mandamus to compel the Commonwealth of Pennsylvania, Department of Education (Department), to pay various sums under one contract and to enter into other contracts pursuant to the Nonpublic Elementary and Secondary Education Act, Act of June 19, 1968, P. L. 232, 24 P.S. §5601 et seq.

This act, which has subsequently been held to be unconstitutional, insofar as it applies to religious private schools,[1] empowered the Secretary of Education to make contracts for the purchase of secular education.

The Koynoks operate a private school known as the Glenmore Academy. In 1969, 1970 and 1971 they solicited the Department to purchase secular instruction from Glenmore Academy pursuant to the Act. A contract between the parties to this litigation was entered into on February 27, 1969. The Department failed to make payment on this contract and did not enter into any further contracts with the Koynoks.

The Department has responded to the Koynoks' complaint by filing preliminary objections contending, *inter alia,* that the Commonwealth Court lacks jurisdiction to hear this case because only the Board of Arbitration of Claims may hear and decide claims based on contracts with the Commonwealth. We agree, and therefore sustain the preliminary objections.

Although the complaint is in mandamus, the action is in reality one to enforce a contract between the Koynoks and the Department. The contract of 1969 con-

---

[1] *Lemon v. Kurtzman,* 403 U.S. 602 (1971).

tained a provision calling for its automatic renewal upon the filing by the Koynoks of a new schedule for each succeeding year. This schedule form was filed by the Koynoks in 1970 and 1971. Therefore, the Koynoks' claim is really based on one contract which was made in 1969 and renewed in 1970 and 1971, and which the Department allegedly has failed to honor.

Claims against the Commonwealth arising from contracts must be prosecuted before the Board of Arbitration of Claims. *Kreider v. Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission,* 9 Pa. Commonwealth Ct. 491, 308 A. 2d 642 (1973).

As we pointed out in *Armour Rentals, Inc. v. General State Authority,* 4 Pa. Commonwealth Ct. 517, 287 A. 2d 862 (1972), this Court has no jurisdiction over such claims pursuant to Section 509(e)(2) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, as amended, 17 P.S. §211.509(e)(2).

We therefore issue the following

### ORDER

AND NOW, this 24th day of January, 1974, the defendants' preliminary objections are sustained and the complaint of George L. Koynok and Mary C. Koynok, trading and doing business as Glenmore Academy, is dismissed.