Tony Vespaziani, individually and as representative of a class of persons similarly situated, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Argued September 14, 1978, before Judges MEN-CER, DiSALLE and MacPHAIL, sitting as a panel of three.

*Louise R. Malakoff,* with her *Daniel M. Berger,* and *Berger, Kapetan & Malakoff,* for petitioner.

*Raymond Kleiman,* Deputy Attorney General, with him *Joseph W. McGuire,* Deputy Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 19, 1979:

Tony Vespaziani commenced this action in equity in August 1977, invoking this Court's original jurisdiction. He seeks to compel the Department of Revenue (Department) to provide him with a 27-foot Winnebago motor home, pursuant to an alleged contractual obligation arising out of the Big Fifty Bonus lottery conducted by the Bureau of State Lotteries of the Department of Revenue. This action was filed as a class action on behalf of all past winners of the Big

Fifty Bonus lottery. The matter is before us on the Department's preliminary objections.

The following facts are alleged in Vespaziani's complaint. In February 1977, Vespaziani bought a Big Fifty Bonus lottery ticket. As a result, a contract was allegedly formed providing that, if selected as a winner of the lottery, Vespaziani would receive a 27-foot Winnebago, the prize pictured on the lottery ticket. Vespaziani was declared a winner on or about February 16, 1977, and thereafter a 21-foot Winnebago was delivered as the prize. Vespaziani has demanded and has been refused delivery of a 27-foot Winnebago. He contends that the Department has breached its contract and therefore the Department should be compelled to specifically perform its obligation.

By way of preliminary objection, the Department contends that this Court lacks jurisdiction to consider this matter and that this action should be dismissed.[1] We agree.

This Court has consistently held that exclusive jurisdiction over an action arising out of a contract with the Commonwealth lies with the Board of Arbitration of Claims, pursuant to the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-1 et seq., referred to as the Arbitration Act of 1937, despite this Court's original jurisdiction over suits against the Commonwealth, as set forth in Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.401(a)(1), repealed by Section 2(a) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a)[1443]. An identical provision is now found in the Judicial Code, 42 Pa. C.S. §761(a)(1). *See, e.g., Koynok v. Department of*

---

[1] Since we dismiss this action due to a lack of jurisdiction, we do not reach the Department's other objections.

*Education,* 11 Pa. Commonwealth Ct. 556, 314 A.2d 355 (1974); *Brocker Manufacturing & Supply Co. v. United Bonding & Insurance Co.,* 8 Pa. Commonwealth Ct. 110, 301 A.2d 438 (1973).

The reason for the holdings in the above cases is as follows: The legislature provided, in accordance with its power under Article I, Section 11 of the Pennsylvania Constitution, that "[t]he Board of Arbitration shall have jurisdiction to hear and determine *all* claims against the Commonwealth arising from contracts. . . ." Section 4 of the Arbitration Act of 1937, 72 P.S. §4651-4 (emphasis added). *See Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 516-17, 55 A.2d 534, 535 (1947). Further, the legislature provided that the jurisdiction of the Commonwealth Court would not repeal, modify, or supplant the power or jurisdiction of the Board of Arbitration of Claims. Section 509(e)(2) of ACJA, *formerly* 17 P.S. §211.509 (e)(2), repealed by Section 2(a) of JARA. This provision is now found in Section 2(h)(2) of JARA, 42 P.S. §20002(h)(2).[2]

Since the complaint clearly reveals that Vespaziani's claim against the Commonwealth is based upon a contract, proper jurisdiction lies with the Board of Arbitration of Claims and not with this Court.[3]

Vespaziani argues that the Board of Arbitration of Claims no longer has exclusive jurisdiction (1) since the Pennsylvania Supreme Court recently held in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), that the Commonwealth is no longer immune from suit by virtue of the

---

[2] *See also* Section 761(a)(1) of the Judicial Code, added by Section 2 of the Sovereign Immunity Act, Act of September 28, 1978, P.L.    , No. 152, to be codified in 42 Pa. C.S. §761(a)(1)(iii).

[3] Vespaziani instituted a timely action which is currently before the Board of Arbitration of Claims.

common law doctrine of sovereign immunity, and (2) since the Board of Arbitration of Claims was established to provide a forum for obtaining a remedy against the Commonwealth where none existed due to the sovereign's immunity. We find no merit in this argument. In creating the Board of Arbitration of Claims, the Commonwealth had already set aside its immunity as to contractual claims. In *Mayle*, the Supreme Court did not decide that the legislature was not empowered to provide, pursuant to Article I, Section 11 of the Constitution, the Board of Arbitration of Claims with sole subject-matter jurisdiction over contractual claims against the Commonwealth.

Finally, Vespaziani argues that this Court must have jurisdiction since the Board of Arbitration of Claims has no power to grant specific performance. However, the test for determining whether a court has jurisdiction of the subject matter is whether the court is competent to determine controversies of the general class to which the case presented belongs, and the controlling question is whether the court has power to enter upon the inquiry and *not whether it was unable to grant the relief sought. Kaelin v. University of Pittsburgh,* 421 Pa. 220, 218 A.2d 798 (1966). Whether or not the Board may grant specific performance, the Board of Arbitration of Claims, by statute, has subject-matter jurisdiction over *all* contractual claims against the Commonwealth, regardless of the relief requested.

We therefore issue the following

## Order

And Now, this 19th day of January, 1979, the preliminary objections of the Department of Revenue are sustained, and the complaint of Tony Vespaziani is dismissed without prejudice.