Modjeski and Masters, Petitioner *v.* Thomas D. Larson, Secretary of the Department of Transportation and Cecil M. Andrews, Comptroller of the Department of Transportation, Respondents.

Argued February 5, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judges MENCER and MACPHAIL did not participate.

216 

*James H. Stewart, Jr.,* of *Nauman, Smith, Shissler & Hall,* for petitioner.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 20, 1980:

This case arises on a Petition for Review filed by Modjeski and Masters, and classified by petitioner as an action of mandamus. The petitioner seeks an order compelling the Secretary and the Comptroller of the Department of Transportation to certify the payment of a sum of money allegedly owing and due the petitioner. The respondents, pursuant to Rule 1972(1) of the Pennsylvania Rules of Appellate Procedure, filed a motion to transfer the action to the Board of Claims. Pa. R.A.P. 1972(1). That motion is the matter before the Court, and that motion should be granted.

The petitioner's complaint avers that it is entitled to $1,186,583.00 on a contract with the Commonwealth of Pennsylvania Department of Transportation. The petitioner's Complaint has annexed to it, as an exhibit, a letter from a Deputy Secretary of the Department denying petitioner's claim for money. That letter disputes the sum claimed for and asserts that the petitioner breached the contract. Accordingly, the very face of petitioner's Complaint makes it clear that the action is actually one on a disputed contract claim, though cast in the form of mandamus.

The Arbitration of Claims Act of 1937, as amended, expressly mandates that actions on contract claims

against the Commonwealth, for more than $300.00, are within the exclusive jurisdiction of the Board of Claims. Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-1 et seq. This Court has held many times that such claims must be prosecuted before the Board of Claims. *Vespaziani v. Department of Revenue*, 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979). And this is so despite this Court's original jurisdiction over suits against the Commonwealth pursuant to the Judicial Code, 42 Pa. C.S. §761. *Koynok v. Department of Education*, 11 Pa. Commonwealth Ct. 556, 314 A.2d 355 (1974); *Armour Rentals, Inc. v. General State Authority*, 4 Pa. Commonwealth Ct. 517, 287 A. 2d 862 (1972).

We therefore issue the following

ORDER

AND Now, this 20th day of March, 1980, the respondents' motion to transfer is hereby granted and the above action is ordered transferred to the Board of Claims.

President Judge BOWMAN did not participate in the decision in this case.