The Delaware River Port Authority, Petitioner *v.* Richard L. Thornburgh, Governor of the Commonwealth of Pennsylvania et al., Respondents.

Argued October 7, 1980, before President Judge CRUMLISH and Judges MENCER, ROGERS, MACPHAIL and PALLADINO. Judges WILKINSON, JR., BLATT, CRAIG and WILLIAMS, JR. did not participate.

*D. Donald Jamieson,* with him *Jeffrey Cooper,* of counsel, *Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for petitioner.

*John M. Hrubovcak,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Edward G. Biester, Jr.,* Attorney General, for respondent, Richard L. Thornburgh, Governor of

the Commonwealth of Pennsylvania; Commonwealth of Pennsylvania, Department of Transportation; and Thomas Larson, Secretary of Transportation of the Commonwealth of Pennsylvania.

*William E. Woodside,* Special Counsel, for respondent, The General Assembly of the Commonwealth of Pennsylvania.

OPINION BY PRESIDENT JUDGE CRUMLISH, February 4, 1981:

The Delaware River Port Authority (DRPA), as owner and operator of the Betsy Ross Bridge, has requested this Court to issue a writ of mandamus[1] ordering this Commonwealth and most specifically the Pennsylvania Department of Transportation (Penn-DOT) to construct a highway which will link the Betsy Ross Bridge with Philadelphia's Roosevelt Boulevard. The respondents have filed preliminary objections alleging, *inter alia,* the lack of subject matter jurisdiction of this Court over the cause of action asserted against them. Preliminary objections are sustained.

The issue of this Court's jurisdiction is resolved within the four corners of DRPA's petition for review. In allegation number six, DRPA states its cause of action thusly:

> 6. The Betsy Ross Bridge was planned and constructed by D.R.P.A. with the express understanding and agreement of the Commonwealth of Pennsylvania that in consideration for the construction of the Betsy Ross Bridge, the Commonwealth of Pennsylvania would construct a limited access highway

---

[1] DRPA has brought the instant action under Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), invoking the original jurisdiction of this Court.

known at various dates as the Tacony Express and the General Gasimir Pulaski Highway connecting with the Bridge and extending to the vicinity of Adams Avenue and Roosevelt Boulevard in Philadelphia, Pennsylvania.

As DRPA's cause of action is one which sounds in contract, it must be heard by the Board of Claims. Section 4 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-4, vests the Board of Claims with exclusive jurisdiction over contract claims against the Commonwealth. *Vespaziani v. Department of Revenue*, 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979).

DRPA attempts to overcome its jurisdictional hurdle by contending that its cause of action is not one of contract but rather one of mandamus. In *Modjeski and Masters v. Larson*, 50 Pa. Commonwealth Ct. 215, 412 A.2d 680 (1980), this Court held that disputed contract claims, though cast in the form of a mandamus action, are still within the exclusive jurisdiction of the Board of Claims.

Since this Court is without subject matter jurisdiction, the preliminary objections must be sustained.

Accordingly, we

ORDER

The preliminary objections filed by respondents are sustained, and the petition for review filed in this matter is dismissed.