459 A.2d 717

The DELAWARE RIVER PORT AUTHORITY, Appellant

v.

Richard L. THORNBURGH, Governor of the Commonwealth of Pennsylvania, Commonwealth of Pennsylvania, Department of Transportation, Thomas Larson, Secretary of Transportation of the Commonwealth of Pennsylvania, and General Assembly of the Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Argued Dec. 7, 1982.

Decided April 21, 1983.

D. Donald Jamieson, Philadelphia, for appellant.

Michael J. McCaney, Jr., Asst. Counsel, Edward C. Hussie, Chief Counsel, Emily J. Flickinger, Asst. Counsel, Harrisburg, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

Pursuant to the authority conferred by the Delaware River Port Authority Compact, an interstate compact between the Commonwealth of Pennsylvania and the State of New Jersey, appellant Delaware River Port Authority

planned and constructed, and presently operates and maintains the Betsy Ross Bridge, which crosses the Delaware River between Philadelphia and Pennsauken, New Jersey. Invoking the Commonwealth Court's original jurisdiction, the Authority filed a petition for review alleging that the Commonwealth violated its statutory obligations under the interstate compact by failing to fulfill a contractual promise to construct a limited access highway (known as the General Casimir Pulaski Highway) connecting with the Pennsylvania approach to the Betsy Ross Bridge.

The petition for review seeks a writ of mandamus compelling appellees "to take all steps necessary and proper within their respective powers to forthwith effectuate the construction of the General Casimir Pulaski Highway," and an injunction precluding appellees "from disposing of any property previously acquired for the construction of the General Casimir Pulaski Highway" and "from taking any steps to hinder, prevent or bar the construction of the General Casimir Pulaski Highway." In addition to the petition, the Authority filed an action with the Board of Claims, not now before this Court, seeking damages for appellees' alleged failure to fulfill their contractual promise.

Appellees, the Commonwealth Department of Transportation, the Secretary of Transportation, the Governor, and the General Assembly, filed preliminary objections to the petition for review, alleging a lack of subject matter jurisdiction in the Commonwealth Court. The court sustained the preliminary objections and dismissed the petition for review, stating that "disputed contract claims, though cast in the form of a mandamus action, are still within the exclusive jurisdiction of the Board of Claims." 56 Pa.Cmwlth. 459, 461, 425 A.2d 479, 480 (1981). As we conclude that the Commonwealth Court erred in holding that it was without jurisdiction to entertain the Authority's petition for review, we remand for consideration of the petition on its merits.

The Delaware River Port Authority (D.R.P.A.) was created as a "public corporate instrumentality of the Commonwealth of Pennsylvania and the State of New Jersey" to

effectuate the development and improvement of the Delaware River and Port District, including:

"[t]he construction, acquisition, operation and maintenance of ... bridges and tunnels across or under the Delaware River, between the City of Philadelphia, or the County of Delaware in the Commonwealth of Pennsylvania, and the State of New Jersey, including approaches, and the making of additions and improvements thereto
...."

Delaware River Port Authority Compact, Article I(f), Act of June 12, 1931, P.L. 575, § 1, as amended, 36 P.S. § 3503. By compact, the Commonwealth and the State of New Jersey further agreed:

"The Commonwealth of Pennsylvania and the State of New Jersey hereby covenant and agree with each other and with the holders of any bonds or other securities or obligations of the commission for which there may or shall be pledged the tolls, rents, rates, or other revenues, or any part thereof, of any property or facility owned, operated or controlled by the commission (including the said bridge across the Delaware River and the facilities for the transportation of passengers across the said bridge), that (so long as any of said bonds or other securities or obligations remain outstanding and unpaid, and unless and until adequate provision is made by law for the protection of those advancing money upon such obligations) the Commonwealth and the said State will not diminish or impair the power of the commission to own, operate or control said properties and facilities, or to establish, levy and collect tolls, rents, rates and other charges in connection with such properties or facilities."

Article IX, 36 P.S. § 3503.

■ The Delaware River Port Authority Compact "has the force and effect of a statute of the Commonwealth of Pennsylvania," Act of June 12, 1931, P.L. 575, § 2, 36 P.S. § 3504, of a statute of New Jersey, N.J.S.A. § 32:3–1 et seq., and of a law of the United States, see *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). Because

the subject matter of the Delaware River Port Authority Compact is an appropriate subject for congressional legislation and because Congress has consented to the Compact, 47 Stat. 308 (1932), 66 Stat. 738 (1952), 78 Stat. 215 (1964), the interpretation of the Delaware River Port Authority Compact presents a question of federal law. See *Cuyler v. Adams*, supra, 449 U.S. at 438–42, 101 S.Ct. at 706–09. See also *American Sugar Refining Co. of New York v. Waterfront Comm'n of New York Harbor*, 55 N.Y.2d 11, 447 N.Y.S.2d 685, 691, 432 N.E.2d 578, 584 (1982).

In its petition for review, appellant alleges that the Authority planned and constructed the Betsy Ross Bridge "with the express understanding and agreement" of the Commonwealth that "in consideration for the construction of the Betsy Ross Bridge, the Commonwealth of Pennsylvania would construct a limited access highway known at various dates as the Tacony Express and the General Casimir Pulaski Highway." The petition alleges that the Commonwealth's failure to construct the Pulaski Highway "will have a substantial deleterious impact on the ability of D.R.P.A. to perform its duties and obligations under the compact by which it is created." It specifically alleges that

"[t]he failure of [appellees] to construct the General Casimir Pulaski Highway as promised by it to D.R.P.A. has, and may continue to have, a substantial adverse impact on the ability of D.R.P.A. to meet its obligations to its bondholders,"

and that

"[t]he failure of [appellees] to construct the General Casimir Pulaski Highway as promised by the Commonwealth of Pennsylvania to D.R.P.A. violates Article IX of the compact and further impairs the power of the Commission to perform its functions as set forth in the compact, including, *inter alia*, the operation and maintenance of its facilities; the collection of tolls, rents and other charges in connection with its facilities; and the improvement of the Port District."

■ In dismissing the Authority's petition for review, the Commonwealth Court applied the Act of May 20, 1937, P.L. 728, § 4, as amended, 72 P.S. § 4651–4 (Supp.1982–83), which provides for "exclusive jurisdiction" of the Board of Claims "to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more," and this Commonwealth's case law which has consistently interpreted that provision as precluding concurrent jurisdiction over such claims in the Commonwealth Court. See generally *Ezy Parks v. Larson,* 499 Pa. 615, 454 A.2d 928 (1982). However, in focusing solely upon appellees' alleged breach of contract to construct the Pulaski Highway, the Commonwealth Court misperceived the scope of the Authority's petition for review. That petition seeks to restrain appellees' alleged interference with the performance of the Authority's statutory duties and to enforce appellees' compliance with their statutory duties under the interstate compact, not merely to compel appellees' performance of their duties under a construction contract.

As the validity of the Authority's claims turns upon a determination of the parties' rights and obligations under the Delaware River Port Authority Compact, a statutory issue under Pennsylvania, New Jersey, and federal law, jurisdiction properly lies in the Commonwealth Court, and not in an administrative forum such as the Board of Claims. Compare *Emergency Medical Services Council of Northwestern Pennsylvania, Inc. v. Dep't of Health,* 499 Pa. 1, 451 A.2d 206 (1982) (where obligation derives from contractual relationship, and not statute, original jurisdiction lies in Board of Claims), with *Delaware County and the Child Care Service of the Delaware County Institution District v. Dep't of Public Welfare,* 34 Pa.Cmwlth. 165, 383 A.2d 240 (1978) (where obligation derives from statute, and not contract, original jurisdiction lies in Commonwealth Court).

■ Although we reinstate the Authority's petition for review, we affirm the order of the Commonwealth Court

insofar as it sustained the preliminary objections of appellee General Assembly. See, e.g., *Gilbert v. Korvette's, Inc.,* 457 Pa. 602, 604 n. 5, 327 A.2d 94, 96 n. 5 (1974) (reviewing court may affirm on any ground). As the General Assembly states on this appeal, the relief sought by the Authority "would necessarily affect the exercise of the Assembly's legislative power to make, alter, or repeal laws. . . . [T]o order the General Assembly to exercise or refrain from exercising its legislative power would constitute judicial intrusion [upon] the legislative prerogative," thereby violating the constitutional separation of powers. Brief for Appellee General Assembly at 5. See *Mt. Lebanon v. County Bd. of Elections,* 470 Pa. 317, 368 A.2d 648 (1977) (court may not enjoin the adoption of a law even if that law would be unconstitutional).

The order of the Commonwealth Court is reversed insofar as it dismisses the petition for review and sustains the preliminary objections of appellees Commonwealth Department of Transportation, the Secretary of Transportation, and the Governor. The order of the Commonwealth Court is affirmed insofar as it sustains the preliminary objections of appellee General Assembly. The matter is remanded for consideration of the petition on its merits.

Former Chief Justice O'BRIEN did not participate in the decision of this case.