E-Z Parks, Inc., Petitioner *v.* Thomas D. Larson, Secretary of Transportation, and Commonwealth of Pennsylvania and Philadelphia Parking Authority, Respondents.

Argued June 3, 1985, before Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Steven M. Coren*, with him, *Joseph M. Donley* and *Christine Councill*, *Fritton, Kittredge, Kaufman & Donley*, for petitioner.

*William J. Cressler*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for respondents Larson and Commonwealth of Pennsylvania.

*S. David Fineman*, with him, *Linda L. Shafer*, *Hunt & Fineman, P.C.*, of Counsel: *James Crumlish, III*, for respondent, Philadelphia Parking Authority.

OPINION BY JUDGE DOYLE, September 12, 1985:

Before us are the preliminary objections of Respondents, Thomas D. Larson and the Department of Transportation (Department), and the Philadelphia Parking Authority (Authority) to a petition for review filed under our original jurisdiction by E-Z Parks, Inc. (Petitioner), requesting injunctive relief.

This case involves property currently in use as a parking lot and located on Vine Street, between 15th and 16th Streets, in the City of Philadelphia. On August 31, 1972, the Department condemned an easement to the property for the purpose of constructing a limited access highway on Vine Street. On May 27, 1983, the Department leased the property to the Petitioner for a five year term, subject to termination by the Department in the event that the property was required "for construction of the highway or related transportation purposes." Although the original design for

the construction of the highway intended that a portion of the property be used as part of the actual highway interchange, this design was never implemented. Instead, a new "scaled-down" design was proposed in which the subject property was to be used as a multilevel parking facility adjacent to the highway.

In accordance with this design, the Department entered into a joint use agreement with the Authority on January 17, 1984, under which the Authority would lease the property for 99 years and construct a parking garage on the site. Under the terms of the agreement, the Department agreed to acquire fee simple title to the property and filed a declaration of taking for that purpose on July 23, 1984.[1] On November 21, 1984, the Department notified Petitioner that Petitioner's lease was terminated immediately "for the construction of the Vine Street Expressway."

Petitioner thereafter filed the present petition for review against the Department and the Authority, seeking to prevent termination of Petitioner's lease, void the joint-use agreement between the Department and the Authority, and require the Department to convey the property to the Petitioner. Petitioner's petition for review contains four separate causes of action, the first based on Section 2003(e) of the Administrative Code of 1929 (Code),[2] the second and third based on wrongful termination of the lease, and the fourth based on tortious interference with its lease by the Authority.[3]

---

[1] Preliminary objections were filed to the declaration of taking by Irving Miller, one of the owners of the underlying fee. An appeal from the trial court's dismissal of these preliminary objections is the subject matter of a related case, *Miller v. Department of Transportation*, 91 Pa. Commonwealth Ct. 622, 498 A.2d 1370 (1985).

[2] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §513.

[3] Petitioner's four causes of action are found in counts V through VIII of the Petition. For purposes of this opinion and order, they shall be referred to as counts one through four.

## SECTION 2003(e) OF THE CODE

Both the Department and the Authority have filed preliminary objections in the nature of a demurrer[4] alleging that Petitioner has failed to state a cause of action under Section 2003(e) of the Code. That Section, which specifically authorizes the Department to acquire land in fee simple, provides, in pertinent part:

> (7) Any other provisions of this act to the contrary notwithstanding, the department may sell at public sale any land acquired by the department if the secretary determines that the land is not needed for present or future transportation purposes:

> (i) Improved land occupied by a tenant of the department shall first be offered to the tenant at its fair market value as determined by the department. . . .

Petitioner has alleged that the 99 year lease constituted a "sale" of land in violation of Petitioner's right of first refusal under this Section. In support of its argument, Petitioner cites *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812 (1974), for the proposition that the leasing of real property is identical to the sale of real property. In *Monumental Properties,* however, the issue presented was whether residential leases constituted a "sale" for purposes of the Unfair Trade Practices and Consumer Protection Law.[5] In that case, the Supreme

---

[4] Preliminary objections in the nature of a demurrer admit all well-pleaded material facts in the pleading as well as all reasonable inferences deducible therefrom and cannot be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought. *Association of Pennsylvania State College and University Faculties v. Commonwealth,* 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979).

[5] Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§201-1 to 204-9.

Court held that although a lease is not normally considered a sale because title does not pass, it would be considered a sale for the purposes of that statute in order to implement legislative intent and to pursue sound public policy. 459 Pa. at 473, 329 A.2d at 823. Unlike *Monumental Properties,* there is no indication in the present case that Section 2003(e) of the Code was intended to include leases of property within its provisions relating to sales. Indeed, the Code contains a separate section setting forth the procedure for the lease of real estate. Section 2002(c) of the Code, 71 P.S. §512(c). In the absence of clear legislative intent to the contrary, we will not ignore the traditionally accepted differences between a sale and a lease in interpreting the instant statute. *See Aldine Apartments, Inc. v. Commonwealth,* 493 Pa. 480, 426 A.2d 1118 (1981).

The agreement between the Department and the Authority plainly contemplates a lease, not a sale, of the subject property. Thus, this agreement cannot be the source of a petitioner's claimed right of first refusal under Section 2003(e) of the Code.

Petitioner has argued alternatively that the Department is *required* to offer Petitioner the property for sale because the property is no longer needed for transportation purposes. It is clear under Section 2003(e) of the Code that a public sale is required only *"if the secretary determines* that the land is not needed for present or future transportation purposes." (Emphasis added.) Here, the Secretary has made no such determination. Petitioner argues, however, that the Department's agreement to lease the property to a third party for the construction of a parking garage amounts to a determination that the property is no longer needed for transportation purposes.

Even if we were to accept the theory that the Department could be bound by its conduct in lieu of a formal determination by the Secretary, we would still conclude that the conduct in question—the agreement between the Department and the Authority—cannot be considered to constitute a determination that the property is no longer needed for transportation purposes.

Initially, we note that Section 2002(c) of the Code specifically authorizes the Department to lease property acquired for a highway which is "not required for the free movement of traffic." Section 495.6(f) of the Department's regulations, 67 Pa. Code §495.6 (f), which describes the uses to which such property leased by the Department may be put, specifies "public parking" as an example of a "highway related use."[6] It appears, therefore, that not only was the Department authorized to lease the property, but the lease which it contemplated was for a "highway related use." Such conduct on the part of the Department would clearly be inconsistent with any determination that the property was no longer needed for transportation purposes. Indeed, a review of the Department's agreement with the Authority reveals that the Department actually made the opposite determination, when it stated that the parking facility contemplated was "beneficial and necessary as a part of the transportation system" in that it would mitigate the loss of existing surface parking, minimize traffic congestion, and integrate the highway with related parking uses and community development.

In view of the facts alleged, we could not possibly conclude that the Department had determined that the property was no longer needed for transportation pur-

---

[6] The regulation in question requires a highway related use for the property in cases where the Department owns only a highway easement over the property. In the present case, the Department has acquired the fee.

poses, or that a public sale is required.[7] We therefore agree with the Department and the Authority that Petitioner has failed to state a valid claim under Section 2003(e) of the Code.

## BREACH OF LEASE

In their preliminary objections, the Department and the Authority also argue that this Court lacks jurisdiction to hear the second and third counts of the Petition for Review, which allege wrongful termination of the lease agreement between Petitioner and the Department. We agree. Section 3 of the Act of October 5, 1978, P.L. 1104, *as amended,* 72 P.S. §4651-4, gives the Board of Claims the exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts where the amount in controversy is $300.00 or more. In *Ezy Parks v. Larson,* 499 Pa. 615, 454 A.2d 928 (1982), the Supreme Court held that an action against the Department for the breach of a lease arose from contract, and was thus subject to the exclusive jurisdiction of the Board.

Petitioner argues, however, that jurisdiction is properly in our Court because the claims in Counts two and three turn on Petitioner's statutory rights under Section 2003(e) of the Code. It is true that where a petitioner's claims turn on an obligation derived from statute, rather than from contract, original jurisdiction lies in the Commonwealth Court. *Delaware River Port Authority v. Thornburgh,* 500 Pa. 629, 459 A.2d 717 (1983). In the present case, however,

---

[7] In its answer to Respondents' preliminary objections, Petitioner has also alleged as "New Matter" that the Respondents intend to develop the property for non-transportation purposes such as office space and/or retail stores. New matter cannot be pleaded in an answer to preliminary objections. Pa. R.C.P. No. 1017. We therefore will not consider the merits of this allegation, and will grant the Department's motion to strike said new matter.

the counts in question allege nothing more than the breach of the express provisions of a lease agreement.[8] The rights and obligations under such an agreement are not dependent on, or derived from Petitioner's statutory rights, nor are they alleged to be. Thus we conclude that counts two and three are not properly before this Court. Pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, we shall transfer these counts to the Board of Claims for further disposition.

### TORTIOUS INTERFERENCE WITH LEASE

The Authority has filed preliminary objections in which it argues that it is immune from liability based on its alleged wrongful interference with Petitioner's lease because of the governmental immunity conferred by Section 8541 of the Judicial Code, 42 Pa. C. S. §8541.[9] Initially we note that immunity is an affirmative defense which should be pleaded as new matter rather than as preliminary objection. Pa. R.C.P. No. 1030; *Nagle v. Pennsylvania Insurance Department*, 46 Pa. Commonwealth Ct. 621, 406 A.2d 1229 (1979); *McDevitt v. Golin*, 35 Pa. Commonwealth Ct. 409, 386 A.2d 627 (1978). The court, however, may nonetheless address an immunity issue on preliminary objections where the immunity is apparent on the face of the pleadings, or where the plaintiff has not objected to the use of preliminary objections in its answer or any other pleading. *Nagle; McDevitt*. In the present case, although Petitioner addressed this issue in its brief before this Court, it made no objection in its answer

---

[8] Petitioner alleged that it had been induced into providing improvements to the property upon the Department's assurances that it would not terminate the lease for a two year period.

[9] The Authority also objects on the basis of the Petitioner's failure to plead with specificity. We find no merit in this objection, as Petitioner has incorporated by reference its previous factual allegations into the present count.

to the Authority's preliminary objections. Since Petitioner has raised no objection in its pleadings, we will consider the issue on preliminary objections. *See Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.,* 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977).

Section 8541 of the Judicial Code provides that "no local agency shall be liable for any damages on account of any injury to a person or property. . . ." Petitioner contends that this section does not apply because the Authority is not a "local agency." This argument has no merit. The Authority was incorporated by the local municipality pursuant to Section 4 of the Parking Authority Law,[10] 53 P.S. §344, and constitutes "a public body corporate and politic, exercising public powers of the Commonwealth as an agency thereof." Section 5(a) of the Parking Authority Law, 53 P.S. §345(a). Such an authority clearly meets the definition of "local agency" found in Section 8501 of the Judicial Code,[11] as "[a] government unit other than the Commonwealth government."

A review of the pleadings indicate that Petitioner has alleged no facts which would place its action within one of the exceptions to governmental immunity enumerated in Section 8542 of the Judicial Code, 42 Pa. C. S. §8542. Thus, the Authority cannot be liable for damages based on this claim. Petitioner, however, seeks to enjoin the Authority from inducing, or participating in, the breach of Petitioner's lease. Since governmental immunity under Section 8541 of the Judicial Code extends only to liability for *damages,* Petitioner must be permitted to pursue his claim against the Authority for injunctive relief. *See Tulio v. State Horse Racing Commission,* 79 Pa. Commonwealth Ct. 305, 470 A.2d 645 (1984).

---

[10] Act of June 5, 1947, P.L. 458, *as amended.*
[11] 42 Pa. C. S. §8501.

For the foregoing reasons, we sustain the preliminary objections of the Department and the Authority as to Petitioner's counts one, two and three. Count one is dismissed and counts two and three are transferred to the Board of Claims. The Authority's preliminary objections are overruled as to count four.

Since count four is the only count still remaining before this Court, and is directed exclusively against the Authority, a local agency, this Court lacks original jurisdiction to hear the merits of the claim. *See* Section 761 of the Judicial Code, 42 Pa. C. S. §761. Therefore, count four shall be transferred to the Court of Common Pleas of Philadelphia County.

### ORDER

Now, September 12, 1985, it is hereby ordered as follows:

1. The preliminary objections of the Department and Authority to count one are sustained.

2. The preliminary objections of the Authority to counts two and three are sustained.

3. The preliminary objections of the Department to counts two and three are sustained and the matter is transferred to the Board of Claims for further disposition.

4. The preliminary objections of the Authority to count four are overruled and the matter is transferred to the Court of Common Pleas of Philadelphia County for further disposition.

The Department of Transportation's motion to strike new matter contained in Petitioner's answer to Respondents' preliminary objections is hereby granted, and said new matter is dismissed.

President Judge CRUMLISH, JR. did not participate in the decision in this case.