622

Irving Miller, Individually and as Liquidating Trustee for Millers, Inc., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Irving Miller, Individually and as Liquidating Trustee for Millers, Inc., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued June 3, 1985, before Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Lewis Kates, Kates, Livesay & Mazzocone,* for appellant.

*William J. Cressler,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, September 12, 1985:

Appellant, Irving Miller, appeals from the orders of the Philadelphia County Court of Common Pleas which overruled Appellants' preliminary objections to a declaration of taking filed by the Department of Transportation (Department).

Appellant is the successor-in-interest to Millers, Inc., the former owner of a commercial property on 1517-23 Spring Street, Philadelphia, Pennsylvania.

624

On August 31, 1972, the Department condemned an easement to Appellant's property for the purpose of constructing a limited access highway known as the Vine Street Expressway. Due to the community opposition and a lack of funding, the construction of the highway was delayed and the property leased to a private party for use as a parking lot. In the meantime, the original design of the highway, which contemplated use of the property as part of the highway interchange, was revised, and a new "scaled-down" design proposed in which the property was to be used as a multi-level parking garage adjacent to the highway. In accordance with this new design, the Department agreed to acquire fee simple title to the property and then to lease the property to the Philadelphia Parking Authority, which would reimburse the Department for its acquisition costs. The Department filed a declaration of taking for this purpose on July 23, 1984.

Appellant filed preliminary objections to the declaration of taking, alleging that the 1979 amendment[1] to Section 2003 of the Administrative Code of 1929 (Code),[2] which first allowed the Department to condemn the fee underlying existing easements, could not be applied retroactively to easements acquired before the amendment's effective date. Appellant also alleged that parking does not constitute a "transportation purpose" under Section 2003(e) of the Code,[3] and that therefore the past use of the property constituted an abandonment of the highway easement, or, alternatively, that the proposed use of the property as a parking garage involves a use for which the Department has no authority to condemn.

---

[1] Section 3 of the Act of December 7, 1979, P.L. 478.
[2] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §513.
[3] 71 P.S. §513(e).

The court of common pleas considered the preliminary objections, and on September 27, 1984, overruled said objections without holding an evidentiary hearing or directing the taking of depositions. Appellant appealed this order, and also the order of October 12, 1984 which denied Appellant's petition for reconsideration. The two appeals were consolidated before our Court.[4]

Initially Appellant argues that the trial court erred in failing to hold an evidentiary hearing. Section 406 of the Eminent Domain Code,[5] which sets forth preliminary objections as the exclusive method for challenging a declaration of taking, states, in pertinent part:

(e) The court shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require, including the revesting of title. . . . If an issue of fact is raised the court shall take evidence by depositions or otherwise.

It is clear from this Section that an evidentiary hearing is required only where there are disputed issues of fact. Where there are no disputed facts, and the issues before the court are purely legal, the court may rule on the preliminary objection without a hearing. *See Milas Appeal*, 36 Pa. Commonwealth Ct. 1, 387 A.2d 183 (1978). In the present case the trial court stated in its opinion that "the facts underlying the instant controversy are undisputed; the parties fail to agree, however, with respect to the correct legal principles

---

[4] Our scope of review in an eminent domain case is to determine whether the trial court abused its discretion or committed an error of law. *Captline v. County of Allegheny*, 74 Pa. Commonwealth Ct. 85, 459 A.2d 1298 (1983), *cert. denied*, 104 S. Ct. 1679 (1984).

[5] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-406.

applicable to the case at bar." We believe that the trial court was correct in its analysis of the case, and thus did not err in failing to take evidence.

Neither party disputed that the Department had been leasing the subject property to Appellant for use as parking, or that it sought to condemn the fee in order that a parking garage could be constructed on the site. The disputed issues raised in the preliminary objections are whether from these admitted facts it can be held that the Department abandoned the property or exceeded its permissible authority in condemning the fee. These are issues of law which can be resolved by construing applicable statutory and case law authority.

Turning to the merits of the preliminary objections, we first consider Appellant's claim that Section 2003(e) of the Code does not apply to easements acquired prior to the effective date of the 1979 amendment to the Section. Section 2003(e) provides, in pertinent part:

> (2) In addition to land required for highways and other transportation facilities, the Department may acquire:
>
> . . . .
>
> (iii) the fee underlying any easement previously acquired by the department.

Appellant argues that Section 2003(e)(2)(iii) does not apply to the present highway easement, because it was originally acquired by the Department in 1972.

Absent clear language to the contrary, statutes are to be construed to operate prospectively only. Section 1926 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1926. It is well settled, however, that a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment.

*Gehris v. Department of Transportation,* 471 Pa. 210, 369 A.2d 1271 (1977). The amendment in question does not purport to authorize retroactive condemnations; it authorizes prospective condemnations on easements which may have come into existence prior to the amendment's enactment. Given the amendment's clear language that it applies to "previously acquired" easements, and the absence of any language limiting the application to easements acquired after a given date, we must conclude that the amended provision applies to the easement in the present case.

Appellant also argues that the Department was without legal authority to condemn the underlying fee of the subject property because the condemnation was not undertaken for "transportation purposes" as required by Section 2003(e)(1) of the Code. Section 2003(e)(1) authorized the Department "[t]o acquire by gift, purchase, condemnation or otherwise, land in fee simple . . . in the name of the Commonwealth, for *all transportation purposes.*" (Emphasis added.)

Initially, we note that the condemnation in this case did not proceed under Section 2003(e)(1), but rather under 2003(e)(2), which permits *"in addition* to land required for highway and other transportation facilities," the acquisition of the fee underlying a previously acquired highway easement. (Emphasis added.) Unlike Section 2003(e)(1), Section 2003(e)(2) contains no requirement that the condemnation of the *underlying fee itself* be justified as undertaken for a transportation purpose. It is apparent, therefore, that a condemnation under Section 2003(e)(2) need not address the underlying reasons for the proposed acquisition.

Even if the present condemnation were required to be undertaken for a transportation purpose, however, we would still conclude that the condemnation was authorized and proper. The present condemnation was

undertaken in order that a lease could be arranged with the Philadelphia Parking Authority and a parking garage constructed on the subject property. In a related equity action brought by the former lessee of this property, *E-Z Parks, Inc. v. Larson*, 91 Pa. Commonwealth Ct. 600, 498 A.2d 1364 (1985), we noted that Section 2002(c) of the Code[6] specifically authorizes the Department to lease property acquired for a highway which is "not required for the free movement of traffic." In addition, we noted that Section 495.6(f) of the Department's regulations, 67 Pa. Code §495.6 (f), which describes the uses to which such property leased by the Department may be put, specifies "public parking" as an example of a "highway related use." Thus, in that case we concluded that the use of the property for parking was not a determination by the Department that the property was no longer needed for transportation purposes. *Id.* at 606-7, 498 A.2d at 1368.

In accordance with the broad construction given to the phrase "transportation purpose" in other contexts, we must also conclude that, for purposes of Section 2003(e)(1) of the Code, "transportation purpose" is a broad enough phrase to include transportation *related* activities such as the parking garage in the present case, which was designed as an integral part of the highway project and was intended to mitigate the loss of existing surface parking and minimize traffic congestion.

As an alternative argument, Appellant argues that the Department abandoned its easement in the subject property, and therefore could not condemn any underlying fee under Section 2003(e)(2) of the Code. Appellant contends that the failure to use the property as originally intended constituted an abandonment.

---

[6] 71 P.S. §512(c).

In order for an abandonment to have occurred, there must be an intention to abandon, together with external acts by which that intention is carried into effect. *Lacy v. East Broad Top Railroad & Coal Co.*, 168 Pa. Superior Ct. 351, 77 A.2d 706 (1951). Mere non-use of the right of way, though continued for a long period of years, does not amount to an abandonment. *Lenhart v. Wright*, 286 Pa. 359, 133 A. 495 (1926); *Lacy*. For purposes of a highway easement, the "external act" of abandonment is the formal vacation of the easement in the manner required by law. *Breisch v. Locust Mountain Coal Co.*, 267 Pa. 546, 110 A. 242 (1920). *See* Section 210 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §670-210.

In the present case, there was no allegation that the Department formally vacated the subject property. On the contrary, it was agreed that the Department was leasing the property to a third party (E-Z Parks, Inc.) for use as a parking lot. The lease of a highway easement for such a use is specifically permitted by Section 495.6(f) of the Department's regulations, 67 Pa. Code §495.6(f). Clearly, the Department did not abandon the easement, but instead continued to use it in accordance with its own regulations.

For the foregoing reasons we conclude that the Department had the authority to condemn the underlying fee in the subject property. Accordingly, we affirm the trial court's dismissal of Appellant's preliminary objections to the Department's declaration of taking.

AMENDED ORDER IN 3168 C.D. 1984

Now, September 20, 1985, the Order entered September 12, 1985, is amended to read as follows:

The order of the Court of Common Pleas of Philadelphia County, No. 3744 July Term, 1984, dated September 27, 1984 is hereby affirmed.

ORDER IN 3169 C.D. 1984

Now, September 12, 1985, the appeal taken from the trial court's order denying the Appellant's application for reconsideration is hereby quashed.