## In Re: PennDOT Condemnation

*William E. Haggerty,* for condemnees.
*William J. Cressler, assistant chief counsel,* for PennDOT.

ECKMAN, *P.J.,* September 22, 1986 — Presently before the Court are the preliminary objections filed by condemnees, John Corcoran and Madalyn Corcoran.

On June 6, 1986, the Commonwealth of Pennsylvania, Department of Transportation (hereafter PennDOT), filed a declaration of taking for a portion of property owned by condemnees located in Manheim Township, Lancaster County, Pa., for

transportation purposes. The property is bounded on the east by Legislative Route 442, a state highway, and on the north by Roseville Road, a township road. (Preliminary objections, paragraphs 2, 3). The property is being condemned pursuant to section 2003(e)(1) of the Administrative Code.[1] Condemnees filed the instant preliminary objections on July 9, 1986, to which PennDOT filed an answer on July 22, 1986. Briefs having been filed by the parties, the matter is before the court for disposition.

Section 2003(e)(1) of the Administrative Code, *supra,* states, *inter alia:*

The Department of Transportation in accord with appropriation made by the General Assembly, and grants of funds from Federal, State, regional, local or private agencies, shall have the power, and its duty shall be:

\* \* \*

(e)(1) *To acquire, by gift,* purchase, *condemnation* or otherwise, *land* in fee simple or such lesser estate or interest as it shall determine, in the name of the Commonwealth, *for all transportation purposes, including marking, rebuilding, relocating, widening, reconstructing, repairing and maintaining State designated highways and other transportation facilities,* and to erect on the land thus acquired such structures and facilities, including garages, storage sheds or other buildings, *as shall be required for transportation purposes* . . . (Emphasis added.)

71 P.S. §513(e)(1), *supra.*

Condemnees note that provisions of a statute confering the power of eminent domain shall be

---

1. Administrative Code, Act of June 7, 1923, P.L. 498, art. I, §1, as amended; 71 P.S. §513(e)(1), supplement.

strictly construed, 1 Pa.C.S. §1928(b)(4).[2] Since Roseville Road is not a state-designated highway, condemnees contend PennDOT lacks authority to condemn that portion of the condemnees' property which borders Roseville Road. We disagree.

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded . . .," 1 Pa.C.S. §1921(b).[3] The clear language of section 2003(e)(1) of the Administrative Code, *supra,* empowers PennDOT to acquire land by condemnation for *all* transportation purposes. The statute enumerates acquisitions for the benefit of "state-designated highways" as one transportation purpose and acquisitions for the benefit of "other transportation facilities" as another.

Nowhere is the phrase "all transportation purposes" limited to acquisitions for the benefit of state-designated highways. To the contrary, the phrase "transportation purpose" has been broadly construed. See E-Z Parks Inc. v. Larson, 91 Pa. Commw. 600, 498 A.2d 1364 (1985); Miller v. Commonwealth, Department of Transportation, 91 Pa. Commw. 622, 498 A.2d 1370 (1985). In Miller, supra, wherein the condemnee argued that the proposed use of the property as a parking garage was not a "transportation purpose" and that, therefore, PennDOT lacked authority to condemn the subject property, the Pennsylvania Commonwealth Court stated:

"[i]n accordance with the broad construction given to the phrase 'transportation purpose' in other contexts we must also conclude that, for purposes of

2. Statutory Construction Act of 1927, Act of December 6, 1972, P.L. 1339, §3; 1 Pa.C.S. §1928(b)(4), supplement.

3. Statutory Construction Act of 1927, supra; 1 Pa.C.S. §1921(b), supplement.

section 2003(e)(1) of the code, 'transportation purpose' is a broad enough phrase to include transportation *related* activities such as the parking garage in the present case, which was designed as an integral part of the highway project and was intended to mitigate the loss of existing surface parking and minimize traffic congestion." Id., 91 Pa. Commw. at p. 628.

Instantly, PennDOT's acquisition of a right-of-way over that portion of condemnees' land which borders Roseville Road is an integral part of the reconstruction project to Legislative Route 442 and is necessary for the proper completion of the safety improvement to the intersection of the two roadways. (See answer to preliminary objections, paragraph 2, and drawings authorizing acquisition of right-of-way attached thereto.) Since the taking of that portion of condemnees' land which borders Roseville Road is for a "transportation purpose" within the meaning of section 2003(e)(1) of the Administrative Code, supra, we find that PennDOT is authorized to condemn the subject property.

Accordingly, we enter the following

## ORDER

And now, September 22, 1986, the preliminary objections filed by condemnees, John Corcoran and Madalyn Corcoran, are hereby dismissed.