533 A.2d 1104

John P. Wudkwych and Anna Marie Wudkwych, his wife, Appellants *v.* The Borough of Canonsburg, et al., Appellees.

Argued May 21, 1987, before Judges DOYLE and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*John. P. Liekar, Jr.,* for appellants.

*Frank C. Roney, Roney and Roney,* for appellees.

OPINION BY JUDGE BLATT, November 27, 1987:

John P. Wudkwych and Anna Marie, his wife (appellants) appeal an order of the Court of Common Pleas of Washington County (trial court) which sustained in part and dismissed in part certain preliminary objections filed by the Borough of Canonsburg (Borough), the Borough's Building Inspector, the Borough Manager, the Zoning Hearing Board (Board) of the Borough and the Zoning Officer of the Borough (appellees).

This case has had a somewhat tortured procedural history which we shall attempt to set forth briefly. In April 1982, the appellants filed a complaint in mandamus in the trial court against the appellees, alleging that they had filed an application for a variance seeking permission to remodel a brick building which they owned and which they wanted to use as a retail food shop. They averred that the Board had failed to conduct a hearing and issue a decision within sixty days of the filing of their petition and hence claimed entitlement to the variance, maintaining that the Board's failure to act in a timely manner constituted a deemed decision in their favor.[1] In their mandamus petition, they sought to

---

[1] *See* Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9).

compel the appellees to provide them with an application for an occupancy permit and to issue an occupancy permit and certificate of occupancy. In this proceeding, the appellants did not demand a jury trial nor did their prayer for relief contain a request for money damages although they did aver damage in that they had a willing tenant who would pay $800 a month to occupy and use the premises in accordance with the requested variance. The trial court dismissed the mandamus complaint. An appeal to this Court followed, and in *Wudkwych v. Borough of Canonsburg,* 84 Pa. Commonwealth Ct. 468, 479 A.2d 82 (1984) we reversed and remanded the case for further proceedings.

Subsequent to the remand, the trial court permitted the appellants to file an amended complaint styled "Amended Civil Action—Mandamus." In that complaint the appellants sought damages from the appellees for loss of rental income, loss of business profits, attorney's fees, interest, costs, and incidental damages. The amended complaint also contained a demand for a jury trial. The appellees filed preliminary objections to this amended complaint, and it is the trial court's disposal of certain of these preliminary objections that is presently before us for review.

The appellees have filed preliminary objections asserting, *inter alia,* that the right to a jury trial had been waived, that attorney's fees are not recoverable in this case, and that no cause of action in mandamus would lie against the Borough, Borough Manager, or Building Inspector because those parties have no authority to act upon a request for a variance or to issue an occupancy permit. These preliminary objections were all sustained. There were other preliminary objections filed as well, but their disposition is not herein appealed.

The appellants contend here that the appellees are not permitted to file preliminary objections to the amended complaint because they failed to file preliminary objections to the original complaint. In essence, they assert that the appellees have waived their right to do so. They also contend that the allegations averred in the amended complaint are similar to those in the original complaint and, therefore, that the appellees' preliminary objections filed to the amended complaint should have been filed in response to the original complaint. The trial court did not agree, concluding that the damages issue was not alleged in the original complaint. The proper way, of course, to challenge preliminary objections is to file preliminary objections to them in the form of a motion to strike for lack of conformity to law or rule of court pursuant to Pa. R.C.P. No. 1017(b). *Merrick Appeal,* 68 Pa. Commonwealth Ct. 506, 449 A.2d 820 (1982); *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.,* 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977). The appellants clearly have not followed this course of action. Accordingly, we must hold that the trial court was correct in not striking the preliminary objections in toto.

As to the question of whether or not the appellants were entitled to a jury trial, we recognize that our State Supreme Court has held that mandamus is a statutory rather than a common law remedy and that no absolute right to a jury trial exists. *Beckert v. Warren,* 497 Pa. 137, 439 A.2d 638 (1981). Even assuming, however, that the appellants have such a right, Pa. R.C.P. No. 1007.1, which governs demands for jury trials, pertinently provides:

> In any action in which the right to a jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after service of the last permissible pleading.

Moreover, our State Supreme Court has recently considered the words "last permissible pleading" as used in Pa. R.C.P. No. 1007.1 in the case of *Jones v. Van Norman,* 513 Pa. 572, 522 A.2d 503 (1987) and has explained that permissible pleadings are those allowed by Pa. R.C.P. No. 1017(a), which rule reads as follows:

> The pleadings in an action are limited to a complaint, and answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.

We note that "amended complaint" is not specifically denominated in this rule, but we do not believe this to mean that an amended complaint could not be a last permissible pleading. We believe, however, that a distinction must be drawn between an amended complaint filed in response to a preliminary objection filed near the time the suit was commenced and an amended complaint filed after a hearing, appeal and remand. In the latter situation, we are unpersuaded that an amended complaint would always fall within the ambit of Pa. R.C.P. No. 1017(a), and we think that other factors must be considered. Here the appellants *knew* they were incurring monetary damages at the time they filed their original complaint. This is evident because the complaint itself mentions those damages. Yet they never requested a jury trial on that issue. We believe, therefore, that the fact that they were fortunate enough to secure a remand for hearing on an issue which was mentioned in the original complaint should not operate to entitle them now to demand a jury trial on the issue of damages when they never demanded one initially on the issue of liability. *See Stathas v. Wade Estate,* 251 Pa. Superior Ct. 269, 380 A.2d 482 (1977) (appellants who were entitled to a new trial on the issue of damages

were not entitled to a jury trial when their request for a jury trial in the initial case had been untimely and where they proceeded to a nonjury trial without noting an objection). Accordingly, we must conclude that the trial court did not err in determining that the appellants had waived their right to demand a jury trial.

As to their right to attorney's fees, the trial court concluded that there was no statutory authority for such an award. The appellants contend that such authority does exist in Section 2503 of the Judicial Code, 42 Pa. C. S. §2503, which permits an award of attorney's fees where, *inter alia,* the other party has acted arbitrarily, vexatiously or in bad faith. We need not, however, decide whether or not Section 2503 applies to mandamus actions against local governments, for the appellants have not even alleged in their amended complaint that the appellees acted in an arbitrary or vexatious manner or that they acted in bad faith. We must conclude, therefore, that the trial court properly sustained the preliminary objection pertaining to attorney's fees.

Finally, we must decide whether or not the trial court properly sustained the demurrer as to the Borough, the Building Inspector and the Borough Manager. The appellants assert that the Board and the Zoning Officer have no independent legal existence apart from the Borough and hence that the Borough, Building Inspector and Borough Manager must be included in this action. They further assert that the Board and the Zoning Officer are merely agents of the other appellees. The appellees deny that their relation is one of agency and principal and further contend that, because the Borough, Building Inspector and Borough Manager have no authority to issue a variance or an occupancy permit, there is no duty which they could have breached and, hence, mandamus will not lie against them. It is, of course, axiomatic that in order for manda-

mus to lie, there must be a clear legal right on the part of the plaintiff, a correspondingly clear duty on the part of the defendant, and a want of any other adequate remedy. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 297 A.2d 823 (1972).

We agree with the appellees that there is no showing of a duty on the part of the Borough, Building Inspector, or Borough Manager of this municipality to grant a variance or a certificate of occupancy. As to the contention that the Zoning Officer and the Board are mere agents whose principal must be joined, we are not inclined to view the relationship as such. The Board is a quasi-judicial body; the Zoning Officer in this case acted as its agent. And, while we acknowledge that the Borough is empowered to create the Board[2] and fund it[3] we do not believe that this makes its presence in this action necessary. We view this situation as similar to that occurring in *Nason v. Commonwealth,* 90 Pa. Commonwealth Ct. 130, 494 A.2d 499 (1985), wherein we held that, in a mandamus action seeking, *inter alia,* to have the Department of Public Welfare appropriate funds for a mentally retarded individual, the State Treasurer was not an indispensable party to the action. We noted in *Nason* that the plaintiffs had not yet proved a right to the monies sought and indicated that, if and when they did so, the presumption of administrative regularity would come into play. Accordingly, we indicated that we would assume that, if the plaintiffs proved their case in *Nason,* the State Treasurer, upon proper notification, would act in accordance with his duties and dispense the necessary funds. We believe a similar result is required here. If the appellants can

---

[2] *See* Section 901 of the MPC, 53 P.S. §10901.
[3] *See* Section 907 of the MPC, 53 P.S. §10907.

prove their damages against the remaining appellees (which would involve, *inter alia,* hurdling various immunity provisions raised by the Zoning Officer and the Board) then we would presume that funds to pay damages would be appropriated. If such funds are not then forthcoming, an action in mandamus against the Borough would lie. But, as we indicated in *Nason,* we are reluctant to require the attendance and participation of various high government officials where their interest in the matter is speculative. Accordingly, we believe that the trial court properly sustained the demurrer as to the Borough, Building Inspector and Borough Manager.

We will, therefore, affirm the order of the trial court.

### ORDER

AND NOW, this 27th day of November, 1987, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed insofar as it denied the appellants a jury trial, denied the appellants the right to seek attorney's fees, and sustained the demurrer with respect to the Borough of Canonsburg, the Building Inspector, and the Borough Manager.