RANCK, P.J.,
This opinion addresses the procedural issue of whether preliminary objections to an amended complaint that raise the defense of pendency of a prior action can be sustained. Pa.R.C.P. 1028 requires that all preliminary objections must be raised in a single pleading. Pa.R.C.P. 1017 categorizes “the pendency of a prior *122 action” as a proper preliminary objection, and it must be raised in response to the original complaint.
The following is a sketch of the procedural history in this contract dispute. In the first action, no. CV-89-598, plaintiff, Richard E. Spotts, t/a R&J Laminates, cabinet supplier, filed a complaint against original defendants, Ronald Polastre and Ruth Polastre, homeowners, on May 2, 1989. The Polastres answered plaintiff’s complaint and added additional defendants, R. Craig Rhoades and Richard B. Rhoades, t/d/b/a R.C. Rhoades Contractor, general contractor. Rhoades filed an answer, new matter and counterclaim to Polastres’ complaint, to which the Polastres responded with preliminary objections.
After a hearing, this court denied preliminary objections in the nature of a motion to strike and sustained Polastres’ preliminary objections in the nature of a motion for more specific pleading, ordering Rhoades to amend the new matter and counterclaim. Rhoades filed an amended new matter and counterclaim (filed to no. CV-89-598), and the Pola-stres responded with the second set of preliminary objections claiming the pendency of a prior action, which is filed to no. CV-898-712. In the “prior action,” no. CV-89-712, the Polastres are plaintiffs and the Rhoadeses are the original and only defendants.
In response to the Polastres’ second set of preliminary objections in no. CV-89-598, Rhoades filed preliminary objections arguing that the Polastres are barred from raising a second set of preliminary objections by Pa.R.C.P. 1028(b). The general rule regarding preliminary objections is Pa.R.C.P. 1028(b), that states, “All preliminary objections shall be raised at one time.” Failure to raise all preliminary objections to a complaint in a single *123 pleading results in a waiver of the objection although the issue may be raised again at the proper time. Derr v. Spotts, 54 Northumb. Leg. J. 120 (1982) (Ranck, J.).
The general principle that a complaint cannot be attacked in small bites by an adversary is set out in 2 Goodrich-Amram 2d 1017(b):4. The main purpose of the dilatory stage in civil proceedings is to permit an opponent to attack a pleading via preliminary objections, but after the court has ruled on the initial objections, the adversary may not take a second bite out of the complaint by filing new and different objections. The case of Martin v. Gerner, 332 Pa. Super. 507, 481 A.2d 903 (1984), is an exception to the general rule requiring that all preliminary objections must be raised at one time; additional objections that could have been filed in response to the original complaint were permitted. A careful reading of Gerner reveals that this procedural anomaly emerged in case law interpreting 1028(b) only because the court had not yet ruled on the original objections. Gerner can be differentiated from the present case because this court did rule on the original preliminary objections; the motion to strike was denied and the motion for a more specific pleading was sustained. In the present case, the general rule 1028(b) applies, and the second set of preliminary objections constitutes a second bite at the new matter and counterclaim and are improper.
Defendant Polastre argues that additional defendants Rhoadeses filed the identical new matter and counterclaim in no. CV-89-598 and in no. CV-89-712, and that no. CV-89-712 is a prior pending action that bars the raising of the same new matter and counterclaim in no. CV-89-598. In actuality, no. CV-89-598, which was filed on May 2, 1989, was filed prior to no. CV-89-712. In no. CV-89-598, *124 Polastres filed an action against the Rhoadeses as additional defendants, on May 16, 1989, and Pola-stres filed an action against Rhoadeses to no. CV-89-712 in their own right, on May 9, 1989. Only after the complaint was filed and the additional defendant added, in no. CV-89-598, the prior action, did Pola-stres file a complaint in no. CV-89-712, the second action.
In the alternative, viewing the amended new matter and counterclaim of no. CV-89-712 as the “pending prior action” relative to the amended new matter and counterclaim of no. CV-89-598, the test that must be met to plead the defense of a “pending prior action” is not satisfied. The requirements are that the prior case is the same, the parties are the same, and the relief requested is the same. See Penox Technologies Inc. v. Foster Medical Corp., 376 Pa. Super. 450, 546 A.2d 114 (1988). The present case, no. CV-89-598, differs from the “prior case,” no. CV-89-712, in that plaintiffs are the Spottses, original defendants are the Polastres, and the Pola-stres added additional defendants, the Rhoadeses. In contrast, in no. CV-89-712, the Polastres are the only plaintiffs and are suing a single defendant, Rhoades. The distinguishing feature of no. CV-89-598 is that third-party practice is involved which places the parties in different positions relative to each other as compared to those occupied in no. CV-89-712, hence the cases and relief requested differ.
In Sherry & O’Leary Inc. v. Fidelity & Casualty Co. of New York, 42 D.&C. 2d 707, 711 (1967), another contract dispute, two cases were distinguished as being based on different causes of action where parties changed positions relative to each other in each case, and the defense of a pending prior action was raised. In one suit, plaintiff subcon *125 tractor was suing defendant contractor, who in turn added the property owner as an additional defendant. In the sister case the defendant contractor became the plaintiff and sued “to recover on its own cause of action against owner.” In the present case, Polastres, defendants in no. CV-89-598, added Rhoades alleging that if defendants Polastres are liable to plaintiff Spotts, then Rhoades is liable over to Polastres. In no. CV-89-712, Polastres, as plaintiffs, are suing to recover in their (Polastres’) “own cause of action” against Rhoades. Hence, Polastres’ preliminary objections raising the defense of a pending prior action are improper.
Lastly, preliminary objections to an amended complaint are only proper if the amended complaint raises new issues. Wudkwych v. Borough of Canonsburg, 111 Pa. Commw. 322, 533 A.2d 1104 (1987). In the present case, the amended new matter and counterclaim raised no new issues. The amended pleadings broke down general costs into more specific detailed costs, which were responsive to this court’s order to file a more specific pleading.
We find that defendant’s preliminary objections to the amended complaint that raised the defense of pendency of a prior action are denied.
For all of the foregoing reasons, we enter the following
ORDER
And now, May 17, 1990, after argument, it is ordered and directed that original defendant’s preliminary objections are denied, and additional defendant’s preliminary objections to original defendant’s preliminary objections are sustained.