## Davis v. Pennsylvania National Life Insurance Co.

*John F. Spataro,* for plaintiff.
*E. Max Weiss,* for defendant.

MILLER, *J.,* August 2, 1990 — When the plaintiff is permitted to amend his complaint, not to add new counts but to make more specific factual allegations and plead punitive damages, may the plaintiff then successfully request a jury trial in that amended complaint after he has filed three pleadings where a jury trial was not demanded and when a non-jury trial is scheduled in two weeks?

On March 22, 1988 plaintiff filed a complaint for breach of an employment contract and defamation. On December 29, 1989 and on March 1, 1990 plaintiff filed the certificates of readiness, the first having been stricken. Plaintiff filed a reply to defendant's answer and later filed an amendment to that reply. A non-jury trial was scheduled for June 28, 1990 but continued until August 13, 1990 because plaintiff filed two motions to amend his complaint to add facts surrounding the defamation count, to request punitive damages and, we believe, to allege wrongful termination and discharge of an employment relationship. Defendant also filed a motion for partial summary judgment.

On July 19, 1990 we permitted plaintiff to amend his complaint but limited that right to additional facts regarding defamation (count V) and punitive damages for defamation. The reason for that limitation was that of the amendments we permitted those were the only allegations that plaintiff specifically indicated he wanted to add. On July 24, 1990 plaintiff did file an amended complaint which included, for the first time, a demand for a jury trial. Defendant now files preliminary objections asking that we

strike the jury trial demand. Defendant advances the following reasons in support thereof: that the amended complaint is not a permissible pleading; that plaintiff has already waived his right to a jury trial; that plaintiff did not ask for, nor did plaintiff receive, leave to amend his complaint to include a jury trial demand; that defendant is prejudiced because it will be required to change its method of presenting evidence on the theory that cases are tried differently when tried before a jury than by the court sitting non-jury; that plaintiff must show good cause for his delay in demanding a jury trial.

The right to a jury trial is guaranteed by the Pennsylvania Constitution (Article I, section 6) and by statute (42 Pa.C.S. 5104(a)). That right to a jury trial may be waived expressly or by implication. *Jones v. Van Norman,* 513 Pa. 572, 522 A.2d 503 (1987). The Pennsylvania Rules of Civil Procedure prescribe a method for demanding a jury trial in a civil case (Pa.R.C.P. 1007.1). Therefore a party who fails to follow the proper method for demanding a jury trial waives his right to a jury trial. *Jones v. Van Norman, supra.*

We agree, at least philosophically, with defendant. This jury trial demand seems to be coming very late. It comes in the fourth pleading plaintiff has filed in a suit that has been on our docket for over two years. It comes in an amended complaint that was allowed by the court simply for the purpose of adding additional facts and to request punitive damages, all in a count that had been pled over two years ago. Not much new has been added. Additionally, plaintiff really does not advance any significant reasons for the request for the jury trial other than, possibly, a change of mind.

We think that the decision to elect a jury trial should be made earlier or be tantamount to a waiver.

We also think that a change in position should be accompanied by solid reasons. But is that the current state of the law in Pennsylvania? We think not. Our philosophy not withstanding, we are obligated to follow the law as we view it.

Courts of various jurisdictions view this question differently. For instance, some would require the defendant to show prejudice by this late request. Others would require the plaintiff to show just cause for the delay. Other jurisdictions would hold that the plaintiff has waived his right to a jury trial by not making the election early, 64 ALR 2d 506. In Pennsylvania, however, any party has the right to serve a written demand for a jury trial within "20 days after service of the last permissible pleading." (Pa.R.C.P. 1007.1(a)). Is the amended complaint a "permissible pleading"?

In *Jones v. Van Norman, supra,* the Supreme Court held that a pretrial memorandum, where a jury trial demand was first made, was not a pleading. In doing so it made reference to the pleadings that are allowed by the Rules of Civil Procedure (Pa.R.C.P. 1017(a)). The Supreme Court did not go so far as to hold that a jury trial demand could only be raised by a 1017(a) pleading. Nor does rule 1007.1(a) make reference to rule 1017(a). The Supreme Court, by the use of the term "permissible pleading" apparently expanded the pleadings that would qualify under 1007.1(a). We also must be mindful of the fact that a party may file an amended pleading either by consent of the other party or by leave of court (Pa.R.C.P. 1033). In the sense that an amended pleading is sanctioned by the court it becomes a "permissible pleading."

In *Wudkwych v. Borough of Canonsburg,* 111 Pa. Commw. 322, 533 A.2d 1104 (1987), the right to demand a jury trial in an amended complaint was

refused where the amended complaint was filed after the case was returned to the trial court for a new trial. Interestingly enough, the Commonwealth Court theorized that an amended complaint could be a "permissible pleading." 111 Pa. Commw. at 327, 533 A.2d at 1106-7. In upholding the denial of the jury trial demand in an amended complaint, the *Wudkwych* court did not base its decision on the fact that the demand appeared in an amended complaint but rather the time at which it was made. The case was coming back for a second trial and the court felt the request was just too late. *Wudkwych* is not exactly on point, nor is *Rodney v. Wise,* 347 Pa. Super. 537, 500 A.2d 1187 (1985), which involves the right to withdraw a jury waiver on the day of trial.

In *Dauphin Deposit Bank & Trust Co. v. Pifer,* 383 Pa. Super. 275, 556 A.2d 904 (1989), the grant of an untimely request for a jury trial was not reversed. There a request for a jury trial was made at a pretrial conference. It is true that the ultimate trial was held three months later but we do not know, from the opinion, if the non-jury trial was scheduled earlier. We can guess that if there was a pretrial conference on November 12, 1987 then a non-jury trial might have been scheduled shortly thereafter.

Nonetheless, the Superior Court discussed the interrelationships between rules 1007.1 and 126 of the Pennsylvania Rules of Civil Procedure and stated:

"As a procedural right, the right to trial by jury allows for some flexibility in its application. It is for this reason that the right can be waived. Additionally, the constitutional magnitude of the right permits greater flexibility in dealing with delayed demands for jury trial. . ."

"However, this is not to imply that full compliance with the Rules of Procedure is not required or

that failure to do so is without peril. The administration of justice requires the efficient operation of the judicial system with compliance with the Rules of Procedure a necessity, . . . but the rules cannot 'be accorded of the status of substantive objectives requiring rigid adherence' . . . Through Pa.R.C.P. 248, the rules allow for some exceptions in time requirements by allowing the time period of any rule of civil procedure to be lengthened or shortened by written agreement of the parties or by order of court." *Dauphin Deposit Bank & Trust Co., supra.* (citations omitted)

In Pennsylvania, therefore, it appears that a jury trial can be demanded within 20 days after the filing of the last permissible pleading, which would include an amended complaint sanctioned by court order. Also, in Pennsylvania a late demand for a jury trial may also be granted by the court in its sound discretion. Therefore, we hold today that the jury demand contained in plaintiff's amended complaint, that was filed with leave of court under Pa.R.C.P. 1033, falls within Pa.R.C.P. 1007.1(a) since it is a permissible pleading. This is not a case of a withdrawal of a waiver since plaintiff never expressly waived his right to a jury trial. Any waiver here would be by implication but that implication does not arise until 20 days pass from the date of the filing of the last permissible pleading.