## Castle Cheese Inc. v. Sadler

C.P. of Lawrence County, no. 10363 of 2006, C.A.

*James W. Manolis,* for plaintiff.
*James J. Binns, Stewart J. Greenleaf, K. Bradley Mellor* and *Steven P. Engel,* for defendants.

158

MOTTO, *P.J.,* March 19, 2007—Before the court for disposition are defendants' preliminary objections to plaintiff's amended complaint and plaintiff's preliminary objections to defendants' preliminary objections to plaintiff's amended complaint. Several issues have been presented to the court. First, can defendants assert the existence and enforceability of an arbitration clause in a contract where the applicability of the arbitration clause was not raised in preliminary objections to plaintiff's original complaint. Second, defendants assert that plaintiff failed to plead with sufficient specificity. Finally, defendants contend plaintiff failed to conform to Pa.R.C.P. 1019(i) by attaching a conglomerate of agreements to the pleading.

This suit arose out of a series of events initiated by the resignation of Stephen W. Sadler from Castle Cheese (plaintiff) and Sadler's subsequent employment by the Kanter Group, a competitor of Castle Cheese. Plaintiff claims that defendant Sadler provided defendant Kanter Group with trade secrets and customer lists, in breach of the contract that existed between Sadler and Castle Cheese.

Plaintiff filed its original complaint on March 9, 2006, to which defendants filed preliminary objections on March 27, 2006, and amended preliminary objections on April 3, 2006. The applicability of the arbitration clause was not asserted in either pleading. By order dated August 8, 2006, Count I of plaintiff's original complaint was dismissed. On September 14, 2006, plaintiff filed its first amended complaint. On September 29, 2006, defendants filed preliminary objections to plaintiff's first amended

complaint, raising for the first time the existence of the arbitration clause. Plaintiff filed an answer and preliminary objections to defendants' preliminary objections to plaintiff's first amended complaint on October 17, 2006.

## DISMISSAL BASED ON AGREEMENT FOR ALTERNATIVE DISPUTE RESOLUTION

As a matter of public policy, Pennsylvania courts favor arbitration. *Goral v. Fox Ridge Inc.,* 453 Pa. Super. 316, 321, 683 A.2d 931, 933 (1996). Under Pa.R.C.P. 1028(a)(6), the existence of an agreement for alternative dispute resolution is an allowable preliminary objection. Pa.R.C.P. 1028(b) requires that all preliminary objections shall be raised at one time. Where a party has every opportunity to assert its right to arbitration, yet clearly indicates its preference for judicial proceedings through the party's participation, that party can no longer assert a right to arbitration. *Samuel J. Marranca General Contracting Co. Inc. v. Amerimar Cherry Hill Associates Limited Partnership,* 416 Pa. Super. 45, 50-51, 610 A.2d 499, 501-502 (1992). "A waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from 'a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.'" *Goral,* 453 Pa. Super. at 321, 683 A.2d at 933.

In *Goral,* the court concluded that repeated references to an arbitration agreement were not sufficient to avoid waiving arbitration. *Id.* The *Goral* court indicated that

the defendant did raise the defense of arbitration in new matter, but only as an alternative in hopes of receiving a favorable ruling from the trial court as the result of litigation in the trial court in which defendant participated. *Id.* Similarly, in the case sub judice defendants now pursue alternative dispute resolution only after an attempt to have plaintiff's complaint dismissed in their first set of preliminary objections. Defendants have repeatedly acted inconsistent with asserting the contractual arbitration provision by filing preliminary objections without raising the alternative dispute resolution, and further by participating in discovery procedures and litigating discovery as well.

"Acceptance of the judicial process is demonstrated when the party (1) fails to raise the issue of arbitration promptly, (2) engages in discovery, (3) files pretrial motions which do not raise the issue of arbitration, (4) waits for adverse rulings on pretrial motions before asserting arbitration, or (5) waits until the case is ready for trial before asserting arbitration." *Smay v. E.R. Stuebner Inc.,* 864 A.2d 1266, 1278 (Pa. Super. 2004) (citing *St. Clair Area School District Board of Education v. E.I. Associates,* 733 A.2d 677, 682 n.6 (Pa. Commw. 1999)).

In *Smay,* the appellant made an immediate written demand for arbitration after receiving the appellees' respective joinder complaints and made a motion to compel arbitration in the absence of receiving one response and after receiving one negative response; thus, the court held the appellant avoided waiving the right to arbitration, even though the appellants participated in

other court proceedings to protect themselves. *Id.,* 864 A.2d at 1278.

Here, defendants did not assert their contractual right to arbitration in their initial preliminary objections to plaintiff's complaint. Defendants provided no intermediate written notice nor other attempt to compel arbitration. Defendants asserted the existence of the arbitration clause after their original preliminary objections were granted in part and plaintiff filed an amended complaint. The existence of an agreement to arbitrate may be raised either by preliminary objection or by petition to compel arbitration. Either procedure is subject to the principles of waiver. *Goral v. Fox Ridge,* see *supra.*

Defendant cannot raise preliminary objections to an amended complaint if the amended complaint does not raise new issues to be decided. *Wudkwych v. Borough of Canonsburg,* 111 Pa. Commw. 322, 326, 533 A.2d 1104, 1106 (1987). In *Wudkwych,* the damages being challenged by the preliminary objections were not included in the original complaint; thus, preliminary objections to these damages in the amended complaint were proper. *Id.* As noted above, an agreement for alternative dispute resolution may be raised by preliminary objection pursuant to Pa.R.C.P. 1028(a)(6). It is mandatory that all preliminary objections be raised at one time. Pa.R.C.P. 1028(b). A party waives all defenses and objections which are not presented by preliminary objection, except as to certain defenses not here relevant. Pa.R.C.P. 1032(a). Here, defendants' assertion of the arbitration clause could have been made in the first set of preliminary objections, yet defendants waited until plaintiff filed an amended complaint and then filed this objection. Defen-

dants have failed to timely assert this defense in their initial preliminary objections as required by Pa.R.C.P. 1028(b). Defendants therefore have waived their right to raise the agreement to arbitrate by subsequent preliminary objection.

## FAILURE TO PLEAD WITH
## SUFFICIENT SPECIFICITY

The Pennsylvania Rules of Civil Procedure require that "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). A complaint must give the defendant notice of what the plaintiff's claim is and the grounds for that claim, the complaint must formulate the issues by summarizing the essential facts that support the claim, as well as adequately explain the nature of the claim to the opposing party to permit preparation of a defense. *Youndt v. First National Bank of Port Allegany,* 868 A.2d 539, 544 (Pa. Super. 2005) (citing *Sevin v. Kelshaw,* 417 Pa. Super. 1, 7, 611 A.2d 1232, 1235 (1992)). A complaint must contain averments of fact from which may be inferred all of the elements of the cause of action. *Smith v. Wagner,* 403 Pa. Super. 316, 321, 588 A.2d 1308, 1312 (1991).

It is clear that plaintiff has made reference to the agreements attached to the amended complaint as exhibits. The amended complaint states, "in consideration of his continued employment with Castle Cheese and a significant increase in wages and additional benefits, Sadler executed a 'non-disclosure statement' and an 'employee confidentiality agreement,' copies which are attached hereto, marked as exhibits 'C' and 'D,' respectively, and

made a part hereof." See plaintiff's amended complaint at ¶14.

Plaintiff then incorporated by reference this paragraph into Count I of the amended complaint clearly making reference to the agreements marked as exhibits C and D. See *id.* at ¶32. Plaintiff's breach of contract claim is unambiguously claiming that defendant Sadler violated the non-disclosure statement and employee confidentiality agreement because the amended complaint avers that Sadler continually shared trade secrets with Kanter Group. It is obvious that plaintiff is referring to exhibits C and D attached to the amended complaint because those are the only agreements concerning confidential information or protecting "trade secrets." Therefore, defendants' preliminary objection claiming insufficient specificity is denied.

## FAILURE TO CONFORM TO RULE OF COURT

Pa.R.C.P. 1019(i) requires that when any claim is based on a writing, the pleader must attach a copy or the material part of the writing. Defendants cite to *Feigley v. Department of Corrections,* 872 A.2d 189 (Pa. Commw. 2005), as support for their claim that plaintiff failed to provide the material sections of a writing for which a claim was based. However, in *Feigley,* the plaintiff failed to attach any writing to the complaint; thus, there was no basis for their claim pursuant to 1019(i). *Feigley,* 872 A.2d at 195. In the case sub judice, it is clear that plaintiff has provided the material portions of the writing for which the complaint is based by attaching exhibits C and D to the complaint, which provide a basis for the breach of contract claim.

Also, defendants cite to *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340 (Pa. Super. 2003), which they argue provides that a fatal defect in the pleading exists if a specific portion of the contract that establishes plaintiff's rights to a judgment is absent. However, the case sub judice differs from *Atlantic Credit and Finance Inc.* because in *Atlantic Credit and Finance Inc.* the appellants failed to provide a writing to establish that they were entitled to a certain amount of money, thus they could not prove damages in that case. *Id.,* 829 A.2d at 345. However, plaintiff has provided writings that can prove that it is entitled to a judgment; the non-disclosure statement provides specifically, "you can be held liable if it is proven that our competition received information from you." See plaintiff's amended complaint exhibit C. Unlike *Atlantic Credit and Finance Inc.,* where the appellee failed to provide the cardholder agreement and statement of account on which the claim was based, plaintiff in the case sub judice has provided the agreements necessary to maintain the amended complaint.

Therefore, defendants' preliminary objections to plaintiff's amended complaint shall be dismissed for the reasons set forth in this opinion.

## ORDER

And now, March 19, 2007, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that defendants' preliminary objections to plaintiff's first amended complaint are denied and plaintiff's preliminary objections to defendants' preliminary objections to plaintiff's first amended

complaint are dismissed. The defendants shall file an answer to the amended complaint within 20 days of the date this order is docketed.