144

404 A.2d 671

The COUNTY OF ALLEGHENY, a political subdivision of the Commonwealth of Pennsylvania, Appellants,

v.

DEPARTMENT OF PUBLIC WELFARE of the Commonwealth of Pennsylvania, Frank S. Beal, as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania, Al Benedict, as Auditor General of the Commonwealth of Pennsylvania, and Robert E. Casey, as State Treasurer of the Commonwealth of Pennsylvania, Appellees.

Supreme Court of Pennsylvania.

Argued March 8, 1979.

Decided July 5, 1979.

Reargument Denied Aug. 27, 1979.

Alexander J. Jaffurs, County Sol., Robert S. Barker, Loraine S. Tabakin, Asst. Co. Sol., Pittsburgh, for appellant.

Margaret Hunting, Deputy Atty. Gen., Harrisburg, for appellees.

Marc H. Myers, Asst. City Sol. for City of Philadelphia, Philadelphia, for amicus curiae.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

PER CURIAM.

Judgment affirmed.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. The sections of the Mental Health and Mental Retardation Act of 1966 cited in the majority opinion (i. e., sections 301, 503, 508, 509) as supporting the state's argument that the state and the county are to share the expenses incurred for interim care are, at best, ambiguous. The ambiguity of those sections, coupled with the greater specificity of Article V (which allocates financial obligations, liabilities and payments) establishes that the state is to pay for all interim care. Section 501 places primary liability for expenses rendered upon the person admitted, committed or otherwise receiving a benefit. In the event that person is unable to discharge that liability, section 502 of the Act next provides that persons owing to that person a legal duty of support are liable. Section 503 then provides, where the person has exhausted all of his private and public (state and federal) resources, "the Commonwealth and the counties *shall share* the financial obligations accruing under this act, to the extent such obligations are not borne by the federal government, or any private person or agency."

This provision, § 503, is a general provision which is controlled by the specific provisions of sections 505 and 507, the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1933 (Supp. 1978–79), which places the responsibility for particular portions of the Act's administration upon the counties and the state, respectively. Section 505, "Liability of county", provides the counties shall be liable for expenses incurred whenever a person is committed or cared for "while under conviction or sentence" or "in connection with any proceedings with reference to a criminal act." Section 507, "Liability of the Commonwealth", provides the state *shall pay* for, *inter alia,* interim care. 50 P.S. § 4507(a)(4).

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both." The Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1933. Construing the provisions of Article V thusly, it is clear that the legislature intended the

counties and the state to share those costs not paid for by the person receiving the services (or those owing to him a legal duty to support) *except in those areas specifically relegated to the county by section 505 and to the state by section 507.*

I would therefore reverse.