Jane Nason et al., Petitioners *v.* Commonwealth of Pennsylvania et al., Respondents.

Argued April 5, 1984, before Judges WILLIAMS, JR., MACPHAIL and DOYLE, sitting as a panel of three. Reargued January 30, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Elizabeth A. Read,* with her, *Carol A. Mager, Montgomery, McCracken, Walker & Rhoads,* for petitioners.

*Vincent X. Yakowicz,* Counsel, with him, *Meredythe Jane Yakowicz,* Deputy Counsel, and *R. Budd Dwyer,* Treasurer, for respondent, State Treasurer of the Commonwealth of Pennsylvania.

*Kathleen F. McGrath,* with her, *Karen L. Galli,* for respondent, Al Benedict, Auditor General of the Commonwealth of Pennsylvania.

OPINION BY JUDGE DOYLE, June 14, 1985:

Before this Court are the preliminary objections of the Treasurer of the Commonwealth (State Treasurer) to the amended petition for review of Jane Nason, Harry Nason, and Ralph Brenner (Petition-

132

ers) filed in our original jurisdiction. Jane Nason is a mentally disabled adult who attends and resides at the Devereaux Foundation, a state approved school for individuals with mental handicaps in Chester County. Harry Nason and Ralph Brenner are the trustees of a testamentary trust under which Jane Nason is a beneficiary.

The amended petition for review alleges that the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, Special Sess., P.L. 96, *as amended*, 50 P.S. §§4101-4704 (Act) confers upon mentally retarded residents of the Commonwealth who have been accepted and are awaiting admission to a state facility a statutory right to funded interim care. Petitioners further allege that on or about January, 1983, Jane Nason was notified of her acceptance to such a facility but, because bed space was not available, she was placed on a waiting list; that the Commonwealth and the Department of Public Welfare, (Respondents) contrary to their statutory duties under the Act, have refused to provide funds for Jane Nason's interim care; that Chester County and the Mental Health/Mental Retardation Board of Chester County, (Respondents) contrary to their statutory duties under the Act, have refused to appropriate, provide and/or disburse funds for Jane Nason's care; and, that Jane Nason's trust has paid for the interim care causing the trust principal to become depleted. Petitioners thus seek relief in the nature of a mandamus compelling Respondents to provide, appropriate, and disburse funds for interim care for Jane Nason and to reimburse Jane Nason and/or her trust for all amounts expended in payment for her interim care. Petitioners also seek attorney's fees.

Both the Auditor General and the State Treasurer filed preliminary objections to the petition for review,

the focus thereof being that neither is a proper party to an action such as this. By stipulation of the parties at oral argument on the preliminary objections, the Auditor General has been dropped as a party.[1] Still outstanding, however, are the preliminary objections of the State Treasurer, which we now address.

The first preliminary objection of the State Treasurer is that the complaint, as stated, indicates an adequate remedy at law and vests subject matter jurisdiction over this matter, insofar as the State Treasurer's alleged obligations are concerned, in the Board of Claims rather than the Commonwealth Court. *See* Section 7 of the Act of March 30, 1811, P.L. 145, *as amended,* 72 P.S. §4087; Sections 1 and 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §§4651-1 and 4651-4. We disagree. It is clear from the petition for review that the validity of Petitioners' claims turns upon a determination of their rights and Respondents' obligations under the Act. With respect to the State Treasurer, the allegations of the petition for review also specifically bring into play his general obligations in a matter such as this under Sections 1501 through 1507 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1501-1507. Thus, the matter is statutory, not contractual, and jurisdiction is properly in the Commonwealth Court, not the Board of Claims. *Delaware River Port Authority v. Thornburgh,* 500 Pa. 629, 459 A.2d 717 (1983); *Delaware County v. Department of Public Welfare,* 34 Pa. Commonwealth Ct. 165, 383 A.2d 240 (1978).

---

[1] The basis for this involvement was the requirement under Sections 1501 and 1502 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1501-1502, that the Auditor General warrant the disbursement of any funds by a state agency, a requirement since deleted. *See Philadelphia County Intermediate Unit No. 26 v. Department of Education,* 60 Pa. Commonwealth Ct. 546, 432 A.2d 1121 (1981).

The State Treasurer also asserts a want of jurisdiction in this Court for what is termed the failure of Petitioners to name indispensable parties, *i.e.*, the General Assembly and the Governor.[2] The basis for this contention is Petitioners' use of the terms "appropriating," in discussing the duties of the State Treasurer in their petition for review, and "appropriate" in setting forth their prayer for relief. It is argued that only the General Assembly can appropriate funds[3] and that the Governor has an integral role in this process[4] and, hence, both must be named as parties herein. A party is indispensable only where its rights are so connected with the claims of the litigants that no order or decree can be effected without impairing such rights. *Powell v. Shepard,* 381 Pa. 405, 113 A.2d 261 (1955). No order which could be fashioned by this Court in this matter would or, because of the constitutional separation of powers, could impair the rights of the General Assembly or the Governor insofar as the appropriation of funds is concerned and they therefore are not indispensable parties herein.

Next, the State Treasurer demurs to the petition for review averring that because said petition does not allege a failure or refusal of the State Treasurer to perform a legal duty, no cause of action is stated for which mandamus will lie against him. But in *County of Allegheny v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 379, 376 A.2d 290 (1977) *(Allegheny I),*[5] which was also a mandamus

---

[2] *Powell v. Shepard,* 381 Pa. 405, 113 A.2d 261 (1955).

[3] *Shapp v. Sloan,* 480 Pa. 449, 391 A.2d 595 (1978).

[4] *Adams County v. Department of Public Welfare,* 502 Pa. 47, 463 A.2d 1002 (1983).

[5] The subsequent history of this case requires clarification. *Allegheny I* held that the Auditor General and State Treasurer were proper parties to actions such as the instant one. *County of Alle-*

action where plaintiff sought reimbursement under the Act, this Court opined that in order for plaintiff to actually receive monies those monies

must be disbursed by the State Treasurer upon warrant of the Auditor General, issued upon the requisition of the Secretary of the Department. Unless the former two officers are joined in this action, each may in turn act so as to frustrate [plaintiff's] attempt to collect pursuant to any writ that we may issue. A multiplicity of suits would ensue.

*Id.* at 383, 376 A.2d at 292. Thus, under *Allegheny I*'s rationale mandamus *does* lie against the State Treasurer; we are of the view, however, that this result is not desirable. There is, of course, a strong public policy concern against multiple lawsuits, a concern *Allegheny I* addressed. On the other hand, public policy is not well served by compelling the joinder of numerous Commonwealth officials and the resulting expenditure of time and money when such joinder is not a practical necessity.

We note that the *Allegheny I* rationale ignores the time honored presumption that public officials will

*gheny* came before us a second time and in *County of Allegheny v. Department of Public Welfare,* 33 Pa. Commonwealth Ct. 267, 381 A.2d 1014 (1978) *(Allegheny II)* we granted the Auditor General's motion to have himself dropped as a party inasmuch as plaintiffs had no objection. *Allegheny II* was affirmed per curiam by the Supreme Court. *County of Allegheny v. Department of Public Welfare,* 486 Pa. 144, 404 A.2d 671 (1979). We note that Shepard's Pennsylvania Citations has incorrectly reported that *Allegheny I,* rather than *Allegheny II,* was affirmed on appeal. Additionally, although the Pennsylvania Supreme Court per curiam order reflects that the Commonwealth Court order entered January 9, 1978 at No. 987 C.D. 1975 is affirmed, the Supreme Court synopsis incorrectly references that Commonwealth Court order as the one appearing at 31 Pa. Commonwealth Ct. 379, 376 A.2d 290. Thus, Petitioners' position that this Court lacked the power to overrule *Allegheny I* is understandable, although erroneous.

perform their duties properly, *Albert v. Lehigh Coal and Navigation Co.*, 431 Pa. 600, 246 A.2d 840 (1968), and instead presumes that the State Treasurer will not fulfill his duty to disburse funds should that duty actually arise. In the instant case Petitioners have not pled that the State Treasurer has been advised that Petitioners are entitled to any funds; indeed, Petitioners *could not* so plead because the substantive claim between Petitioners and the Department of Public Welfare and the County has not yet been litigated. Certainly, any mandatory action against the State Treasurer is, thus, premature. Mandamus is an extraordinary writ which is granted only where there is a clear and specific legal right of plaintiff, a correspondingly clear legal duty of defendant and a want of any other adequate remedy. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965). It is never granted *in anticipation* of an omission of duty. 52 Am. Jur. 2d *Mandamus* §4 (1970). It is conceivable that Petitioners here could lose their lawsuit in which case the State Treasurer would have absolutely no interest in the matter. Thus, contrary to our holding in *Allegheny I*, we now hold that joinder of the State Treasurer is not necessary and that mandamus does not properly lie against the State Treasurer at this juncture in the proceedings. We therefore sustain the demurrer.

While we do not wish to subject plaintiffs such as Petitioners in the present action to litigating multiple suits, we also do not believe it is prudent to require the attendance and participation of government officials where the interest of those officials in the matter is merely speculative; the wasteful expenditure of Commonwealth resources is to be avoided. Accordingly, we will presume that should Petitioners prevail in their claim, the State Treasurer will, upon proper

direction, disburse funds to Petitioners. *Allegheny I* is therefore expressly overruled.[6]

### ORDER

Now, June 14, 1985, pursuant to the oral stipulation of the parties herein, Respondent Al Benedict, as Auditor General of the Commonwealth of Pennsylvania, is hereby ordered dropped as a party in the above captioned matter.

The Preliminary Objections of Respondent, State Treasurer, relating to lack of subject matter jurisdiction and failure to join indispensable parties are overruled. The Preliminary Objection of Respondent, State Treasurer, in the nature of a demurrer is sustained.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[6] Because of our disposition of this matter we need not consider the State Treasurer's motion for more specific pleading.