122 Pa. Commonwealth Ct. 52 (1988)
551 A.2d 361
Pennsylvania Gamefowl Breeders Association, Bruce Kinsinger, President, and Jose Lopez, Jr., Petitioners
v.
Commonwealth of Pennsylvania, LeRoy Zimmerman, Attorney General of the Commonwealth of Pennsylvania and Henry S. Kenderdine, Jr., District Attorney of Lancaster County; Humane League of Lancaster County; Ronald D. Castille, District Attorney of Philadelphia County, and Pennsylvania Society for the Prevention of Cruelty to Animals, Respondents.
No. 917 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued October 9, 1987.
December 8, 1988.
Argued October 9, 1987, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three. Reargued September 16, 1988, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
*53 Ken Gormley, Mansmann, Cindrich & Titus, for petitioners.
Joseph S. Sabadish, Deputy Attorney General, with him, Andrew S. Gordon, Chief Deputy Attorney General, Chief, Litigation Section, and LeRoy S. Zimmerman, Attorney General, for respondents.
OPINION BY JUDGE PALLADINO, December 8, 1988:
Before us in this case are preliminary objections to the Pennsylvania Gamefowl Breeders Association's (Petitioner) amended petition for review in the nature of a declaratory judgment. For the reasons which follow, we sustain the preliminary objections and dismiss the petition for lack of jurisdiction.
Petitioner filed a petition for review in the nature of a declaratory judgment in this court's original jurisdiction on May 4, 1987. Petitioner requested that this court declare unconstitutional, under the United States and Pennsylvania Constitutions, recent amendments to section 5511 of the Crimes Code (cruelty to animals), 18 Pa. C. S. §5511.[1] The petition for review named the Commonwealth of Pennsylvania and LeRoy Zimmerman, Attorney General, (Commonwealth parties) as respondents.
*54 The Commonwealth parties filed preliminary objections to the petition. Argument on the preliminary objections was heard before this court by a three judge panel. On November 25, 1987, the court sustained the preliminary objections and dismissed the petition for review on the grounds that the petition did not present a controversy ripe for review. Pennsylvania Gamefowl Breeders Assoc. v. Commonwealth (Gamefowl I), Pa. Commonwealth Ct., 533 A.2d 838 (1987). Subsequently, this court granted Petitioner's request to amend the petition.[2]
Petitioner filed an amended petition for review in the nature of a declaratory judgment on April 4, 1988. The amended petition added the District Attorneys of Lancaster and Philadelphia Counties, the Humane League of Lancaster County, and the Pennsylvania Society for the Prevention of Cruelty to Animals (collectively Additional Respondents) as respondents. The amended petition alleges that three of Petitioner's members have been arrested and prosecuted by the Philadelphia and Lancaster County District Attorneys for possessing gamefowl for the purpose of animal fighting in violation of 18 Pa. C. S. §5511. Petitioner's amended petition, paragraphs 30, 33 and 39. Petitioner seeks the same relief as in its original petition. The content of the subsections of section 5511 of the Crimes Code, 18 Pa. C. S. §5511, which are challenged and the basis of the challenge are detailed in Gamefowl I and will not be repeated here.
*55 The Commonwealth parties and Additional Respondents filed preliminary objections to the amended petition which raise jurisdictional questions and a demurrer. We conclude that the petition fails to allege a controversy between Petitioner and the Commonwealth parties, requiring dismissal of the petition as to the Commonwealth parties and, as a consequence of the Commonwealth's dismissal, that this court, pursuant to 42 Pa. C. S. §761, lacks original jurisdiction to consider the petition.
This court, in dismissing Petitioner's original petition in Gamefowl I, stated:
In the case sub judice, there has been no allegation that any members of the Pennsylvania Gamefowl Breeders Association have been prosecuted or threatened with prosecution under the statute in question. Therefore, the events which could give rise to a case or controversy have not occurred and may never occur.
Id. at, 533 A.2d at 840. Petitioner has amended its complaint to include three instances in which its members have been prosecuted under 18 Pa. C. S. §5511. However, in addition to alleging that action to enforce a challenged statute has been taken, that action must be alleged to have been taken by the named respondents. Chester Upland School District v. Commonwealth, 90 Pa. Commonwealth Ct. 464, 495 A.2d 981 (1985).
In the case at bar, the only allegation concerning the Commonwealth parties states that the Attorney General "is charged with the execution and enforcement of the penal laws of the Commonwealth." Petitioner's amended petition, paragraph 10. As this court stated in Chester Upland, "simply by naming, as respondents, governmental departments and officials charged with the general duty of upholding the laws of the Commonwealth, the petitioners have not suggested any basis for an actual *56 controversy between themselves and those named respondents." Id. at 469, 495 A.2d at 984. Therefore, the Commonwealth parties' preliminary objections must be sustained and the petition dismissed as to the Commonwealth parties because no controversy has been alleged between Petitioner and the Commonwealth parties.[3]
Petitioner's amended petition does allege actions taken by Additional Respondents to enforce the challenged statute. While our review of these factual allegations convinces us that an actual case or controversy has been properly pled as to Additional Respondents, we must also dismiss the petition as to Additional Respondents because this court lacks original jurisdiction over a civil action naming them as respondents. Although Additional Respondents do not specifically raise this issue, we must raise it sua sponte.
This court's original jurisdiction of civil actions, which encompasses declaratory judgment actions, is limited to actions against the Commonwealth government, including Commonwealth officers. 42 Pa. C. S. §761(a)(1); Mueller v. Pa. State Police Headquarters, 110 Pa. Commonwealth Ct. 265, 532 A.2d 900 (1987). Commonwealth officers for purposes of jurisdiction under 42 Pa. C. S. §761(a)(1), include "`those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government.'" Mickens v. Jeffes, 71 Pa. Commonwealth Ct. 68, 70-71, 453 A.2d 1092, 1093 (1983) (quoting Opie v. Glasglow, Inc., 30 Pa. Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977)).
*57 District attorneys are charged with conducting criminal prosecutions in the name of the Commonwealth but only in the county in which the district attorney is elected. Section 1402(a) of The County Code, Act of August 9, 1955, P.L. 323, as amended, 16 P.S. §1402; section 206 of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, as amended, 71 P.S. §732-206(a). District attorneys, while they perform sovereign functions of state government, are limited geographically in the performance of their duties. In Schroeck v. Pennsylvania State Police, 26 Pa. Commonwealth Ct. 41, 49, 362 A.2d 486, 490 (1976), this court held that district attorneys, for jurisdictional purposes, are officers of the counties in which they are elected and not officers of the Commonwealth. Civil actions against district attorneys may not be brought in this court's original jurisdiction.
The other two Additional Respondents, the Humane League of Lancaster County and the Pennsylvania Society for Prevention of Cruelty to Animals, are alleged to be non-profit corporations. Petitioner's amended petition, paragraphs 12, 14. This court has appellate jurisdiction of cases involving non-profit corporations, 42 Pa. C. S. §762(a)(5), but it has no original jurisdiction of civil actions involving non-profit corporations. See 42 Pa. C. S. §761.
Accordingly, the preliminary objections of the Commonwealth parties are sustained and the petition for review dismissed with prejuduce as to them. The petition for review as to Additional Respondents is dismissed for lack of original jurisdiction by this court to consider the case.[4]

*58 ORDER
AND NOW, December 8, 1988, the preliminary objections of the Commonwealth and the Attorney General are sustained and the Petitioner's petition for review as to the Commonwealth and the Attorney General is dismissed with prejudice. The petition for review is dismissed as to the remaining respondents for lack of original jurisdiction by this court to consider the case.
Judge MacPHAIL did not participate in the decision in this case.
NOTES
[1] The specific subsections challenged are (h.1), (i), and (j). These subsections were either added or amended by Act of December 16, 1986, P.L. 1671, §1.
[2] Petitioners originally requested reargument or leave to amend on December 9, 1987. This court granted reconsideration on December 28, 1987 and referred the matter to Judicial Conference. On March 4, 1988, reargument was denied, the order of November 25, 1988 was reaffirmed, and leave to amend was granted.
[3] We also note that the Attorney General is not authorized to prosecute violations of section 5511 of the Crimes Code, 18 Pa. C. S. §5511, in a county criminal court. Section 205 of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, as amended, 71 P.S. §732-205.
[4] Jurisdiction in this case lies in the courts of common pleas of the counties in which Petitioner's members have been arrested and prosecuted. We decline to transfer this case pursuant to 42 Pa. C. S. §5103 because more than one county court is involved and there is no statute of limitations involved which necessitates preservation of Petitioner's original filing date.