The **COUNTY COMMISSIONERS ASSOCIATION OF PENNSYLVANIA, Lycoming County, Pennsylvania, Tioga County, Pennsylvania, Washington County, Pennsylvania, and Westmoreland County, Pennsylvania, Petitioners**

v.

The **Honorable Michael DINGES, District Attorney of the County of Lycoming, The Honorable John Cowley, District Attorney of the County of Tioga, The Honorable John C. Pettit, District Attorney of the County of Washington, The Honorable John Peck, District Attorney of the County**

of Westmoreland, Commonwealth of Pennsylvania, The Honorable Thomas Corbett, Attorney General of Pennsylvania and The Honorable Anthony E. Wagner, Executive Deputy State Treasurer of Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.
Decided Nov. 8, 2007.

928

Robert L. Knupp and Anthony T. McBeth, Harrisburg, for petitioners.

Robert A. Graci, Harrisburg, for respondent, The Hon. Michael Dinges, The Hon. John Cowley, The Hon. John C. Pettit, and The Hon. John Peck.

Howard G. Hopkirk, Sr. Deputy Attorney General, Harrisburg, for respondents, the Commonwealth of Pennsylvania, The Hon. Thomas Corbett, and The Hon. Anthony E. Wagner.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge SIMPSON.

In this declaratory judgment action, we are again presented with issues stemming from the ill-fated pay raises found in the Act of July 7, 2005, P.L. 201, No. 44 (Act 44). In February 2007, the County Commissioners Association of Pennsylvania (Commissioners) and the counties of Lycoming, Tioga, Washington, and Westmoreland (Counties) (collectively, Petitioners) filed a petition for review in our original jurisdiction seeking a declaratory judgment to establish the proper formula for determining the salary of full-time district attorneys of the Commonwealth (Petition for Review). Petitioners assert Act 44, subsequent legislation, and Act 44's later repeal, present conflicting formulas for determining compensation for district attorneys.

Presently before the Court are the preliminary objections of Attorney General Thomas Corbett, Deputy State Treasurer Anthony E. Wagner (Treasurer) (collectively, Commonwealth Respondents) and The Honorable Michael Dinges, John Cowley, John Pettit and John Peck, all full-time district attorneys for Petitioner Counties (District Attorneys).

Concluding Petitioners fail to state a cause of action upon which relief may be granted, we sustain the preliminary objections and dismiss the Petition for Review.

**I.**

At the heart of this matter are several statutes governing the compensation of

certain elected officials. The first relevant statute is The County Code (County Code),[1] which prior to 2005 established the compensation rate for the Commonwealth's district attorneys. In particular, former Section 1401(g) of The County Code provided that full-time district attorneys were to be paid $1,000 less per year than common pleas judges within their respective judicial district. *Former* 16 P.S. § 1401(g). In contrast, compensation for part-time district attorneys was dependent on the class of the county in which they served. *Former* Sections 1550–1555 of the County Code, 16 P.S. § 1550–1555.[2] At that time, the Public Official Compensation Law[3] set forth the compensation rates for judges.

However, on July 7, 2005, Governor Edward G. Rendell signed into law Act 44. This Act, repealing the Public Official Compensation Law, set forth compensation for the Commonwealth's judges, members of the General Assembly, and executive officers. Relevant here, Act 44 tied judicial salaries to the salaries provided to federal officials by means of specific formulas which resulted in increased salaries. Sections 1801–1809 of Act 44.

Of greater significance, Act 44 also included compensation rates for full-time and part-time district attorneys. Specifically, Act 44 set *full-time district attorney salaries at 95% of the salary of common pleas court judges.* Section 1809.1 of Act 44. Similarly, Act 44 established formulas for the compensation of part-time district attorneys dependent on the class of the county in which they serve. *Id.* Act 44 became effective immediately.

One week later, on July 14, 2005, the Governor signed into law amendments to The County Code.[4] Commonly known as Act 57, the amendments set forth the qualifications and eligibility of district attorneys in addition to the procedures whereby the office of a part-time district attorney may become a full-time position. 16 P.S. § 1401. Notwithstanding these provisions, The County Code provides all district attorneys shall be full-time as of January 2, 2012. *See Stilp v. Commonwealth,* 927 A.2d 707 (Pa.Cmwlth.2007) (*Stilp: Act 57 DA Pay Raise Challenge* ).

Significantly, Act 57 also set forth the compensation of district attorneys:

> A full-time district attorney shall be compensated at one thousand dollars ($1,000) lower than the compensation paid to a judge of the court of common pleas in the respective judicial district.

16 P.S. § 1401(j) (emphasis added). Similarly, Subsection (*l* ) of Section 1401 provides formulas for the compensation of part-time district attorneys. Like Act 44, Act 57 became effective immediately. In essence, Act 57 reinstated the compensation rate for full-time district attorneys as it appeared in The County Code prior to Act 44 and provided new formulas for determining the compensation of part-time district attorneys.

After Act 44's enactment, the Commonwealth's citizens voiced strong objection to the pay raises contained in Act 44. There-

---

**1.** Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§ 101–2399.72.

**2.** Sections 1550–1555 were added by the Act of January 25, 1966, P.L. (1965) 1556.

**3.** Act of September 30, 1983, P.L. 160, *as amended,* 65 P.S. §§ 366.1–371. Contrary to Petitioners' argument, the repeal and subse-

quent reinstatement of the Public Official Compensation Law is of no moment to the instant matter because it never addressed compensation rates for district attorneys and does not presently govern compensation of judges.

**4.** *See* Act of July 14, 2005, P.L. 312, No. 57.

after, the General Assembly repealed Act 44 by the Act of November 16, 2005, P.L. 382, No. 72 (Act 72). Act 72 did not repeal Act 44 until after the November 2005 General Election, but it was retroactive to July 6, 2005 and immediately effective.

The repeal of Act 44 provoked numerous lawsuits, including a challenge to the constitutionality of Act 72 insofar as it decreased the compensation of Pennsylvania's judicial officers. Resolving this dispute in *Stilp v. Commonwealth*, 588 Pa. 539, 905 A.2d 918 (2006) (*Stilp: Pay Raise Challenge*), our Supreme Court determined the General Assembly's repeal of Act 44 violated Article 5, § 16(a) of the Pennsylvania Constitution to the extent it diminished judges' salaries during their terms of office.[5] Thus, *Stilp: Pay Raise Challenge* left intact Sections 1801–1809 of Act 44 governing the compensation rate of judges. *Id.* Of particular note, the Supreme Court declined to address Act 44's provisions relating to district attorney salaries; it did not save Section 1809.1, governing compensation for district attorneys, from the repeal. *Id.* at 556, 905 A.2d at 928, n. 14.

## II

It is against this legislative history Petitioners filed the instant Petition for Review. Specifically, Petitioners assert because Sections 1801–1809 of Act 44 remain valid, there are inconsistent statutory directives as to the compensation rates for full-time district attorneys. According to Petitioners, The County Code requires full-time district attorneys to be paid $1,000 less per year than judges of the common pleas courts and this is contrary to Act 44's mandate that district attorneys be compensated at the rate of 95% of the salary of common pleas court judges. The difference, Commissioners contend, could potentially result in significant extra expenditures for Pennsylvania's counties.[6] Accordingly, Petitioners seek a declaratory judgment establishing the proper formula for determining the salary of full-time district attorneys.

■■■ Commonwealth Respondents and District Attorneys preliminarily object to the Petition for Review. District Attorneys first allege this Court lacks jurisdiction to entertain Petitioners' declaratory judgment action. They further claim Petitioners' action fails because it seeks nothing more than an advisory opinion from this Court based upon speculation and anticipation of uncertain future events. In addition, Commonwealth Respondents and District Attorneys assert Petitioners fail to state a claim upon which relief can be granted.[7] This Court heard argument on

---

**5.** Pennsylvania Constitution Article 5, § 16(a) provides:

> Justices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law. Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth.

**6.** Section 1401(p) of The County Code requires the Commonwealth to reimburse each county with a full-time district attorney 65% of the district attorney's salary. 16 P.S. § 1401(p).

**7.** Commonwealth Respondents also seek dismissal of Treasurer on the ground there are no allegations he is responsible for determining the salaries of District Attorneys. Rather, Treasurer's duty is only to disperse funds to the Attorney General for salary reimbursement in accord with 16 P.S. § 1401(p). In response, Petitioners raise no substantive defense to the objection, and agree we may dismiss Treasurer from the action pursuant to *Nason v. Commonwealth*, 90 Pa.Cmwlth. 130, 494 A.2d 499 (1985) (action against state treasurer premature where controversy regarding possible disbursement of public funds not resolved; law presumes public officials uphold

September 6, 2007.[8]

## A.

■ At the outset, this action is brought pursuant to the Declaratory Judgments Act (DJA), 42 Pa.C.S. §§ 7531–7541. Under this Act

> [a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S. § 7533. The purpose of the DJA is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S. § 7541(a). Moreover, the DJA requires a plaintiff to demonstrate an "actual controversy" indicating imminent and inevitable litigation and a direct, substantial and present interest. *Konidaris v. Portnoff Law Assocs. Ltd.,* 884 A.2d 348 (Pa.Cmwlth.2005), *appeal granted,* 588 Pa. 760, 903 A.2d 539 (2006).

■ For purposes of preliminary objections, we accept as true the following allegations which provide Petitioners with a direct and substantial interest in pursuing declaratory judgment. First, District Attorneys, some of whom were elected prior

to Act 44 or who opted to become full-time as of January 2006, are slated for pay raises in 2007. Pet. for Review at ¶ 18–21. Second, District Attorney salaries are calculated based on the compensation of common pleas judges, whose compensation is governed by Section 1805 of Act 44. *Id.* at ¶ 30. Third, there may be constitutional challenges to the reduction of District Attorneys' salaries after their November 2005 election to office. *Id.* at ¶ 27. Fourth, the Commonwealth must fund 65% of District Attorneys' salaries. *Id.* at ¶ 14. And finally, the Attorney General is unsure as to how much funding to request from the Commonwealth for reimbursement due to the ambiguity between Acts 44 and 57. *Id.* at ¶ 16.

Here, the amount of reimbursement by the Commonwealth for District Attorneys' salaries ultimately affects each county's budget. The amount of reimbursement, of course, is dependent on District Attorneys' salaries which are tied to the compensation for common pleas judges under Section 1805 of Act 44. This fact gives Petitioners a direct and substantial interest in the determination of District Attorneys' salaries.

## B.

■ District Attorneys first claim this Court lacks jurisdiction over them in regard to Petitioners' declaratory judgment action. In their Petition for Review, Petitioners invoke jurisdiction under 42 Pa. C.S. § 761(a)(1), which provides, in relevant part:

---

their duties). *See Twp. of South Fayette v. Commonwealth,* 73 Pa.Cmwlth. 495, 459 A.2d 41 (1983). Pet'rs' Br. at 10.

**8.** When ruling on preliminary objections, the court must accept as true all well-pleaded allegations of material facts as well as all of the inferences reasonably deducible from the

facts. *Stilp v. Commonwealth,* 910 A.2d 775 (Pa.Cmwlth.2006) (*Stilp: Legislative Benefits Challenge* ). For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the nonmoving party. *Id.*

The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity....

Relying on *Pennsylvania Gamefowl Breeders Association v. Commonwealth*, 122 Pa.Cmwlth. 52, 551 A.2d 361 (1988), District Attorneys assert they are not "Commonwealth officials" for jurisdictional purposes. Additionally, they assert the claims against them are not ancillary to any other claims within our exclusive jurisdiction.

Pursuant to Section 761(a)(1), this Court enjoys jurisdiction over the subject matter of this declaratory judgment action. That is, we are called upon to resolve a dispute involving a Commonwealth official, the Attorney General, acting in his official capacity.

Regarding District Attorneys' participation here, we note Section 7540(a) of the DJA provides, with added emphasis:

When declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration,* and no declaration shall prejudice the rights of persons not parties to the proceeding.....

42 Pa.C.S. § 7540(a). This provision is mandatory. *Konidaris.*

Here, District Attorneys serving in the Counties that comprise the Petitioners obviously have a direct interest in the calculation of their compensation. Thus, by the clear terms of the DJA, they must be joined as parties.

### C.

██ Notwithstanding, we find merit in Commonwealth Respondents' and District Attorneys' demurrer to the Petition for Review on the ground Petitioners failed to state a claim for which relief may be granted. They assert Act 57 controls because this Act, which amended Section 1401 of The County Code to provide for the compensation of district attorneys, became law *after* Act 44.

Urging a contrary result, Petitioners provide us with a lengthy history regarding the presentation of Acts 44 and 57 to the Governor, and the Governor's delay in executing Act 57. Petitioner's discussion of "accidental timing," however, is not persuasive.

This matter invites an application of the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501–1991.[9] Specifically, 1 Pa.C.S. § 1935, titled "Irreconcilable statutes passed by the same General Assembly," provides, with added emphasis:

Whenever the provisions of two or more statutes enacted finally during the same General Assembly are irreconcilable, *the statute latest in date of final enactment ... shall prevail* from the time it becomes effective except as otherwise provided in section 1952 of this title (relating to effect of separate amendments on code provisions enacted by same General Assembly) and section 1974 of this title (relating to effect of separate repeals on code provisions by same General Assembly).

"Final enactment" is defined as "[t]he time when the procedure required by the Constitution of Pennsylvania for the enactment of a bill has been complied with." 1 Pa. C.S. § 1991. In turn, Article 4, § 15 of the Pennsylvania Constitution grants the governor power to approve or veto bills submitted by the General Assembly. Pᴀ.

---

9. The parties do not assert the applicability of 1 Pa.C.S. § 1953, relating to construction of amendatory statutes. Thus, we have not considered it in our analysis.

CONST. art. 4, § 15. When the governor signs a bill, it becomes law. *Id.; Commonwealth ex rel. Attorney General, to Use of Sch. Dist. of Patton v. Barnett,* 199 Pa. 161, 48 A. 976 (1901).[10]

Applying these principles, the Governor signed Act 44 on July 7, 2005, effectively immediately. The Governor later executed Act 57 on July 14, 2005, a full week after Act 44 became effective. The two statutes provide irreconcilably different formulas for calculating compensation for full-time district attorneys. Thus, under the rules of statutory construction Act 57 controls. 1 Pa.C.S. § 1935. Furthermore, the Supreme Court's decision in *Stilp: Pay Raise Challenge* did not reinstate Section 1809.1 of Act 44. Accordingly, compensation for district attorneys is calculated pursuant The County Code as amended by Act 57.

Moreover, under this analysis the subsequent repeal of Act 44 is of no moment. As of July 14, 2005, Section 1401 of The County Code governed compensation for district attorneys. Act 44 no longer controlled to the extent it provided an alternate, irreconcilable method for determining the compensation of district attorneys. 1 Pa.C.S. § 1935. The General Assembly's subsequent repeal of Act 44 had no effect on Act 57 and its amendments to The County Code.

■ Finally, Petitioners' assertion that the repeal of Act 44 may violate Article 3, § 27 of the Pennsylvania Constitution fails. At the time of District Attorneys' elections and re-elections in November 2005, The County Code controlled the rate of compensation; Act 44's formula for determining compensation never applied after Act 57 became effective in July 2005. Consequently, District Attorneys' salaries were not affected by the repeal of Act 44 in November 2005.[11]

Based on the foregoing, we sustain Commonwealth Respondents' and District Attorneys' preliminary objections and dismiss the Petition for Review.

## ORDER

AND NOW, this 8th day of November, 2007, in accord with the foregoing opinion, the preliminary objections of Respondents are **SUSTAINED** and the Petition for Review in the Nature of a Complaint for Declaratory Judgment is **DISMISSED.**

DISSENTING OPINION BY Judge PELLEGRINI.

I respectfully dissent because the Petitioners have not made out that the Commonwealth, the Attorney General and the State Treasurer (collectively, "Commonwealth Parties") are indispensable parties.[1]

Article 5, Section 4 of the Pennsylvania Constitution states that this Court only has "such jurisdiction as shall be provided by law." With certain exceptions not applicable here, Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a), sets forth that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government including any officer

---

**10.** If the governor fails to execute a bill within 10 days of presentation, it becomes the law as though he signed the legislation unless the General Assembly has adjourned and the governor gives public notice of his veto. PA. CONST. art. 4, § 15.

**11.** We do not address the constitutionality of Act 57; courts will avoid constitutional issues when the issue at hand may be decided on other grounds. *In re Fiori,* 543 Pa. 592, 673 A.2d 905 (1996).

**1.** The Commonwealth Parties have not contended that they are not proper parties, but their failure to object cannot create jurisdiction where there is none.

thereof, acting in his official capacity...." Petitioners, among others, have sued the Commonwealth Parties because under Section 1401(p) of the County Code, 16 P.S. § 1401(p), the Commonwealth reimburses counties 65% of the amount paid to full-time district attorneys.[2]

The mere naming of the Commonwealth or its officers in an action does not conclusively establish the Commonwealth Court's original jurisdiction, and the joinder of such parties when they are only tangentially involved is improper. *Perkasie Borough Authority v. Hilltown Township Water and Sewer Authority*, 819 A.2d 597 (Pa.Cmwlth.2003). What is required for this court to have jurisdiction is that the Commonwealth or its officers must be indispensable to the action. To be indispensable to the action, the Commonwealth

party must have "rights [that] are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights." *Pennsylvania School Boards Association, Inc. v. Association of School Administrators, Teamsters Local 502*, 696 A.2d 859, 867 (Pa.Cmwlth.1997).

Because I do not believe that the after-the-fact reimbursement, which assumes that the determination sought here has already been made, makes the Commonwealth Parties indispensable, I would dismiss the action for lack of jurisdiction.

2. The only time 16 P.S. § 1401 mentions the State Treasurer is when it states that any district attorney indicates that he intends to be full-time, he must notify the State Treasurer (and Secretary of Revenue) of that intention. Notwithstanding Petitioners' allegation in their petition that the Attorney General is responsible for directing the State Treasurer to make payments to defray costs of the full-time district attorneys, 16 P.S. § 1401 does not mention the Attorney General at all. Moreover, the mere requirement that an officer disburse funds does not make that officer an indispensable party. *Nason v. Commonwealth*, 90 Pa.Cmwlth. 130, 494 A.2d 499 (1985).