# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wes L. Brown,                    :
           Petitioner        :
                         :
           v.               :    No. 424 M.D. 2023
                         :    SUBMITTED: November 7, 2024
Berks County, PA and Berks County   :
Judicial System,                :
           Respondents    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: December 19, 2024**

Before the Court are the preliminary objections of Berks County and Berks County Judicial System (the Twenty-Third Judicial District of Pennsylvania[1]), collectively "Respondents," to the petition for review (PFR) of Petitioner,[2] Wes L. Brown, *pro se*, alleging wrongful use of criminal process, malicious prosecution, and "willful false identification," PFR, caption. Respondents assert *inter alia* that they are immune from the claims raised by Petitioner. However, our review of this matter indicates that Petitioner's PFR does not fall within the original jurisdiction of

---

[1] Petitioner's petition for review names the "Berks County Judicial System" as a respondent. PFR, caption. The Judicial District states that this is "improperly pled," but does not dispute that it is the actual party. Judicial Dist. Br. at 2. At all events, Petitioner has not objected to the propriety of the Judicial District's response.

[2] As the PFR is brought in the Court's original jurisdiction, we treat the initial pleading, captioned as "complaint," as a PFR.

the Court. Therefore, we transfer it to the Court of Common Pleas of Berks County for disposition of Respondents' preliminary objections.

Petitioner is currently an inmate at the State Correctional Institution – Mahanoy. In March 2022, an incident occurred at a business where Petitioner was employed whereby someone "entered . . . for a very brief period of time." PFR ¶ 4. Petitioner alleges that he was arrested due to the business owner's erroneous identification of him based upon unreliable video surveillance and the relationship of the owner with the local police. Because he was then on parole, upon arrest Petitioner was remanded to the custody of the Berks County Jail. Petitioner avers that the District Attorney ignored evidence of an alibi and the low quality of video evidence, which he asserts rendered identification impossible, and charged him with theft by unlawful taking.[3] Petitioner alleges that he pled no contest to the charge because of "the extreme delay and slowness of the [Judicial District], which seemed to be deliberate" and was sentenced to 9 to 23 months of imprisonment. PFR ¶ 11. Petitioner alleges that as a result of his wrongful incarceration, he has been subject to several hardships and much expense; Petitioner seeks $356,000 in damages and punitive damages, *see* PFR ¶ 16.

---

[3] Petitioner identifies the charge against him as "theft." Review of the Court of Common Pleas of Berks County's docket shows that Petitioner was charged with, and pled *nolo contendere* to, theft by unlawful taking—Section 3921(a) of the Crimes Code, 18 Pa.C.S. § 3921(a). Docket Entries, *Com. v. Brown* (C.C.P. Berks, Docket No. CP-06-CR-0002299-2022). We take judicial notice of the official court records input into the Unified Judicial System's web portal, https://www.pacourts.us/courts/courts-of-common-pleas/docket-sheets (last visited December 18, 2024).

2

Respondents, as stated, have filed preliminary objections,[4] but have not raised the issue of this Court's jurisdiction over Petitioner's action. However, Petitioner seeks monetary damages for intentional torts. Because of this, we must address whether this Court may entertain his claims for damages in our original jurisdiction. As subject matter jurisdiction implicates this Court's power to enter a binding judgment, the issue is not waivable, and we are obliged to raise it ourselves if not raised by the parties. *See, e.g.*, *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. and Parole)*, 860 A.2d 25, 29 (Pa. 2004).

The General Assembly has defined our subject matter jurisdiction to include, generally, "all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]" Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1). The Judicial District is an entity of the Commonwealth Government. *See* Pa. Const., art. 5, § 1 (vesting judicial power of the Commonwealth in the Unified Judicial System); 42 Pa.C.S. § 102 (defining "government of the Commonwealth" to include the courts and other officers or agencies of the Unified Judicial System); *Judges of Ct. of Common Pleas of Twenty-Seventh Jud. Dist. v. Cnty. of Washington*, 548 A.2d 1306, 1307 n.1 (Pa. Cmwlth. 1988) (the courts of common pleas, as part of the Unified Judicial System, are part of the Commonwealth government). However, this general rule stated in Section 761(a)(1) is immediately followed by several exceptions, including "actions

---

[4] Respondents' preliminary objections include assertions of immunity (sovereign in the case of the Judicial District, governmental in the case of the County) and failure to state a claim. The County also challenges the legality of Petitioner's demand for punitive damages.

We note that Petitioner failed to file a brief in opposition to the preliminary objections, as directed by this Court's orders dated November 27, 2023, and February 5, 2024. Instead, seemingly in response to the Court's second order, Respondent filed a re-dated, but otherwise identical, copy of his "response to preliminary objections."

3

or proceedings in the nature of trespass to which the Commonwealth government formerly enjoyed sovereign or other immunity[.]" 42 Pa.C.S. § 761(a)(1)(v). This exception means that "this Court lacks original jurisdiction over tort actions for money damages that are premised on [] common law trespass . . . ." *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004) (citations omitted). As our Supreme Court further explained, "actions against the Commonwealth or its officers . . . for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas." *Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985).[5] Thus, we lack jurisdiction over Petitioner's PFR vis the Judicial District because he seeks monetary damages. *Id*.

Turning to the County, exempted from the definition of "commonwealth government" are "any political subdivision . . . or any officer or agency of any such political subdivision or local authority." 42 Pa.C.S. § 102. Under Section 1991 of the Statutory Construction Act of 1972, the term "political subdivision" includes counties. 1 Pa.C.S. § 1991. The District Attorney of Berks County and his assistant district attorneys are, for jurisdictional purposes, officers of Berks County and not officers of the Commonwealth. *Pa. Gamefowl Breeders Ass'n v. Com.*, 551 A.2d 361, 363 (Pa. Cmwlth. 1988); *Schroeck v. Pa. State Police*, 362

---

[5] We note that although Petitioner attacks the validity of his conviction, he seeks only money damages, not a new trial or any other relief from his incarceration. Had he done so, this PFR would have fallen under another exception listed in Section 761(a)(1)(i), which excludes from this Court's jurisdiction actions for post-conviction relief. 42 Pa.C.S. § 761(a)(1)(i) (excepting "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [C]ourt"); *see also* Section 9545(a) of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9545(a) ("original jurisdiction over a proceeding under [the PCRA] shall be in the court of common pleas[;] [n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under [the PCRA]").

4

A.2d 486, 490 (Pa. Cmwlth. 1976). Thus, an original jurisdiction action against the County or the District Attorney and/or his assistant district attorneys is properly brought in the Court of Common Pleas of Berks County. *Webster v. Lehigh Cnty. Ct. of Common Pleas* (Pa. Cmwlth., No. 687 M.D. 2019, filed October 8, 2020).[6]

In line with the foregoing analysis, we conclude that we lack original jurisdiction to hear Petitioner's PFR. However, rather than dismissing Petitioner's PFR outright, we transfer it to the Court of Common Pleas of Berks County for consideration of Respondents' preliminary objections. *See* 42 Pa.C.S. § 5103(a); Pa. R.A.P. 751.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

[6] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wes L. Brown, :  
                 Petitioner :  
  :  
  :  
          v. : No. 424 M.D. 2023
  :  
Berks County, PA and Berks County :  
Judicial System, :  
          Respondents :  

## O R D E R

AND NOW, this 19th day of December, 2024, it is hereby ORDERED that Petitioner Wes L. Brown's Petition for Review is TRANSFERRED to the Court of Common Pleas of Berks County due to lack of jurisdiction.

The Commonwealth Court Prothonotary shall transmit the record of the above-captioned proceedings to the Prothonotary of the Court of Common Pleas of Berks County, together with a copy of this opinion and order, as well as a copy of this matter's docket entries.

 

**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita